DONALD BJURSTROM, Plaintiff-Appellee, v. COMMONWEALTH EDI-
SON COMPANY, Defendant-Petitioner.

First District (5th Division)   No. 84—2627

Opinion filed June 6, 1986.

McKenna, Storer, Rowe, White & Farrug, of Chicago, for appellant.

Gold & Polansky, of Chicago, for appellee.

JUSTICE PINCHAM delivered the opinion of the court:

Defendant, Commonwealth Edison (Edison), appeals from an order of the circuit court of Cook County which denied its *forum non conveniens* motion to transfer the case from Cook County to Rock Island County. We reverse and remand.

Plaintiff, Donald Bjurstrom (Bjurstrom), filed a one-count Structural Work Act complaint against Edison in the circuit court of Cook County for personal injuries sustained in Rock Island County. Edison

moved to transfer the suit to the Fourteenth Judicial Circuit in Rock Island County based on *forum non conveniens*. In support of the motion, Edison stated that the injuries alleged in Bjurstrom's complaint occurred in Rock Island County, 150 miles from Chicago; that Bjurstrom resided in Rock Island County; that all the treatment for Bjurstrom's injuries was rendered in Rock Island County; that all the witnesses resided in or near Rock Island County; and that none of the matters alleged in plaintiff's complaint had any relationship to Cook County.

In opposition to Edison's motion to transfer the cause to Rock Island County, Bjurstrom contended that pretrial discovery was available in Cook County; that Edison failed to identify the witnesses who would be compelled to travel from Rock Island County to Cook County; that the accident scene was irrelevant because governmental regulations prevented access to the nuclear power station in Rock Island County where the accident occurred; and that the cause would come to trial more expeditiously in Cook County than in Rock Island County. Bjurstrom further relied on an affidavit which stated that in seven pending cases involving Edison outside Cook County, discovery documents were made available at Edison's Chicago office, and Bjurstrom claimed that Edison's officers were deposed in Chicago in those seven cases. Edison relied on the counteraffidavit of John Walker, a senior claims adjuster in its employ, who stated that Edison did not have a policy which required that depositions be taken or documents be produced in Chicago. Edison further contended that all documents involved in the case, except the construction contract, were in the nuclear power station in Rock Island County and were available for inspection there; and that a photocopy of the construction contract was also available for inspection in Rock Island County. Edison additionally urged that the two witnesses, *i.e.*, Bjurstrom's foreman and an occurrence witness, whose names were given by defendant, resided in the Rock Island County area; and that all the nuclear power station employees were available for depositions in Rock Island County.

The trial court heard arguments on the *forum non conveniens* motion and denied it. Edison petitioned for leave to appeal pursuant to Supreme Court Rule 306(a)(1)(ii) (103 Ill. 2d R. 306(a)(1)(ii)), and we granted leave.

Edison contends for reversal that the trial court abused its discretion in denying the *forum non conveniens* motion to transfer the action to Rock Island County inasmuch as Bjurstrom and all witnesses reside in or near Rock Island County; the injury precipitating

the cause of action occurred in Rock Island County; treatment for the injury occurred in Rock Island County; and Cook County has no connection with the case.

██ The *forum non conveniens* doctrine is premised on convenience (*Lowe v. Norfolk & Western Ry. Co.* (1984), 124 Ill. App. 3d 80, 86, 463 N.E.2d 792), and applies when convenience, fairness and efficient judicial administration demand that a trial be held in a forum which bears a relationship to the litigation (*Torres v. Walsh* (1983), 98 Ill. 2d 338, 344-45, 456 N.E.2d 601). Application of the doctrine is not governed by a litigant's fulfillment of the minimum venue criteria. The doctrine presupposes the existence of more than one forum with jurisdiction over the parties and subject matter in which the controversy may be tried. (*Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 364, 456 N.E.2d 98.) Jurisdiction is not an issue. Although a forum may have jurisdiction to adjudicate the controversy, the *forum non conveniens* doctrine is premised on that forum which is most convenient for trial. In applying the doctrine, consideration is given to whether the litigation has an adequate nexus with the forum to warrant trial in that forum, and the convenience of the witnesses in the selected forum. The selected forum may decline to exercise jurisdiction when it appears that another forum can more conveniently try the action. 98 Ill. 2d 359, 365, 456 N.E.2d 98.

██ Plaintiff's home forum is presumed to be a convenient forum. The deference accorded a plaintiff's choice of forum is diminished when the plaintiff chooses a foreign forum (*Lowe v. Norfolk & Western R.R. Co.* (1984), 124 Ill. App. 3d 80, 86, 463 N.E.2d 792), and the presumption of plaintiff's convenience does not exist (*Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 367-68, 456 N.E.2d 98; *Petersen v. Chicago & North Western Transportation Co.* (1983), 117 Ill. App. 3d 163, 167, 453 N.E.2d 27).

██ Although Bjurstrom did not state his tactical reason for choosing the Cook County forum, Edison argues the probability that Bjurstrom's choice of Cook County as the forum was influenced by Bjurstrom's hope to obtain a larger judgment in Cook County than he might obtain in Rock Island County. Although a forum's judgment potential is a permissible consideration for a plaintiff in choosing a forum, such consideration is not a valid basis for judicial approval of the chosen forum. *Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 368, 456 N.E.2d 98.

The Illinois Supreme Court in *Torres v. Walsh* (1983), 98 Ill. 2d 338, 351, 456 N.E.2d 601, criticized "jockeying" for a favorable fo-

rum which had no connection with the litigation, when the court stated, "We hope to promote fair play between plaintiffs and defendants and discourage incessant jockeying for a more sympathetic jury, likely to come forward with a more substantial award." The Supreme Court of the United States expressed similar disapproval for favorable forum jockeying in *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 91 L. Ed. 1055, 67 S. Ct. 839.

■ Whether the facts of a particular case requires the allowance of a motion to dismiss or transfer the cause under the doctrine of *forum non conveniens* is within the sound discretion of the trial court and the trial court will be reversed only for an abuse of that discretion. *Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 365, 456 N.E.2d 98.

Both plaintiff and defendant rely on the guidelines to be followed in the trial court in the exercise of its discretion, enunciated by the supreme court in *Torres v. Walsh* (1983), 98 Ill. 2d 338, 456 N.E.2d 601, in support of their respective positions before this court. In *Torres*, the court stated:

> "In finding that the trial courts have such authority, we emphasize the factors to be taken into consideration in making the decision: the availability of an alternate forum, the access to sources of proof, the accessibility of witnesses, the relative advantages and obstacles to obtaining a fair trial, the congestion of the court dockets, and the convenience of the parties. *We also caution our trial courts that unless those factors strongly favor the defendant, then the plaintiff should be allowed to exercise his choice in deciding in what forum to bring the case when venue is proper.*
>
> *If there are sufficient factors that favor the plaintiff's choice of forum, then the defendant's inconvenience should not be considered provided venue is proper. For unless the balance strongly favors the defendant, then the plaintiff should be able to exercise his statutory right to choose his forum.*"

(Emphasis added.) 98 Ill. 2d 338, 351, 456 N.E.2d 98.

■ With the aforementioned factors of *Torres* controlling, we conclude that Rock Island County is the appropriate available alternative forum within which to pursue plaintiff's cause of action, and that the trial court abused its discretion when it refused to transfer the cause to the Rock Island County forum. Edison does business in Cook County and in Rock Island County and thus meets the venue test in either county. But merely doing business in Cook County is an inadequate reason to deny Edison's *forum non conveniens* motion

to transfer the cause to Rock Island County. (*Stambaugh v. International Harvester Co.* (1984), 102 Ill. 2d 250, 257-58, 464 N.E.2d 101.) A significant consideration in determining the motion is the convenience of the Rock Island County court, the alternative forum. Allowance of the motion is designed to make certain that the litigation is pursued and tried in a forum convenient for potential witnesses by allowing for venue where the cause of action arose. Rock Island County has a genuine connection to the instant lawsuit, in that plaintiff's alleged cause of action arose there. The Rock Island County court is therefore an appropriate forum within which to bring this action.

The Rock Island County court is the appropriate forum for the trial of Bjurstrom's action for the additional reasons that Bjurstrom's and Edison's sources of proof and witnesses are accessible there. The witnesses to the accident reside in the Rock Island County area. All medical treatment for Bjurstrom's injuries was rendered in Rock Island County. Discovery will no doubt be directed to and obtained from Bjurstrom's treating physician and the hospital records there. Moreover, practically all of the investigation of Bjurstrom's complaint and Edison's defense will be conducted in Rock Island County.

Nonparty witnesses cannot be forced from their resident county or businesses to give their depositions. (87 Ill. 2d R. 203.) Denial of Edison's *forum non conveniens* motion may therefore compel the attorneys to inconveniently travel from Chicago to inconveniently conduct depositions in Rock Island County, the time, expense and inconvenience and labor of which is unjustified.

It is quite apparent that the sources of proof and the witnesses in this case are all available in Rock Island County. There does not appear to be any justifiable reason for pursuing this action in Chicago, 150 miles distance from the sources of proof and witnesses in the case.

*Torres* provides that the relative advantages and obstacles to obtaining a fair trial is an appropriate consideration in determining the merits of a *forum non conveniens* motion. There is no suggestion in the case before us that both parties cannot receive a fair trial in Rock Island County. No argument is made that there exists in Rock Island County a local bias, prejudice or favoritism against or for either side, or that any other ingredient is present in Rock Island County that would impair an impartial trial. No "provencal fears" of a Rock Island County trial have been urged.

■ The congestion (or lack of congestion) of the court's dockets

is a relevant factor in determining the *forum non conveniens* motion. Edison argues that the Report of the Administrator of the Illinois Courts clearly reveal that the docket congestion of the circuit court of Cook County tremendously exceeds the uncongested dockets of the Rock Island County courts. Edison urges that the court administrators' statistics show that there were 56,295 jury and 16,454 nonjury cases pending in the law division of the circuit court of Cook County as of December 1983 and that the period between filing a case and the jury trial of a case in Cook County was over 35 months. Conversely, Edison contends that as of December 31, 1984, there were 688 jury and nonjury cases pending in Rock Island County and that only 24.7 months pended between the filing and the trial by jury of a case in Rock Island County. Edison concludes that the case at bar can be more promptly tried in Rock Island County than in Cook County. Edison's conclusion is convincing and persuasive.

■ Finally, Edison posits that the convenience of the parties demands that the instant cause be tried in Rock Island County rather than in Cook County. We agree. It is patently obvious that the trial of this case in the Rock Island County forum where (1) the injury occurred; (2) the injury was treated; and (3) the witnesses reside, would be more convenient than a trial in Cook County, a forum which bares no nexus to the litigation.

All the factors delineated by the supreme court in *Torres* for consideration in determining the *forum non conveniens* motion weigh heavily in favor of transferring the cause from Cook County to Rock Island County. The trial court abused its discretion when it denied the motion. We reverse and remand the cause for transfer to Rock Island County.

Reversed and remanded.

SULLIVAN, P.J., and LORENZ, J., concur.