(No. 63050.—

CHARLES W. WEAVER, Appellee, v. MIDWEST TOW-ING, INC., Appellant.

*Opinion filed April 16, 1987.*

GOLDENHERSH, J., took no part.

James K. Almeter, of Hoagland, Maucker, Bernard & Almeter, of Alton, for appellant.

David J. Mullett and Glenn E. Bradford, of Morris B. Chapman & Associates, Ltd., of Granite City, for appellee.

JUSTICE WARD delivered the opinion of the court:

The plaintiff, Charles W. Weaver, filed an action in the circuit court of Madison County under the Jones Act (46 U.S.C. sec. 688 (1982)), against the defendant, Midwest Towing, Inc., seeking damages for injuries he received while employed by the defendant as a deckhand on one of its vessels. The defendant moved to dismiss or transfer the cause for lack of proper venue, or in the alternative, on the ground of *forum non conveniens*. The circuit court denied the motion, and the appellate court, with one justice dissenting, affirmed (139 Ill. App. 3d 1075). We granted the defendant's petition for leave to appeal under our Rule 315 (103 Ill. 2d R. 315(a)).

The plaintiff's complaint alleges that on or about November 26, 1982, he sustained injuries after exposure to benzine gas leaking from the boat on which he was working. The plaintiff contends that the defendant was negligent in failing to maintain and inspect the boat, to warn the plaintiff of danger and to provide him with a safe place to work. The complaint alleges that the defendant operates boats, motor vessels, barges and equipment in and about Illinois and, specifically, in Madison County.

The defendant filed a motion to dismiss or transfer the case on the ground that venue is improper in Madison County or, in the alternative, that Madison County is an inappropriate forum under the doctrine of *forum non conveniens*. The defendant alleged that neither it nor the plaintiff is a resident of Madison County; that the accident which forms the basis of the plaintiff's complaint did not occur in Madison County; and that it is expected there will be no witnesses who are residents of Madison County.

In support of its motion, the defendant filed an affidavit of Eugene Fowler, the personnel manager of the defendant's parent company, Cargo Carriers. The affidavit set out that Cargo Carriers has its base of operations in Missouri and its principal offices in Minnesota; that Cargo Carriers has no offices or other facilities in Madison County; and that Cargo Carriers does not transact business in Madison County "other than occasionally purchasing fuel and other supplies from suppliers located in that county and some occasional fleet work and barge moving for Con Agra, which has an office in Madison County." The affidavit also stated that on November 26, 1982, the date on which the complaint alleged that the plaintiff was exposed to benzine gas, the plaintiff was aboard the "M/V Arrowhead," which was in navigation

upon the upper Mississippi River between Minnesota and Wisconsin.

The plaintiff, in an affidavit responding to the defendant's motion to dismiss or transfer, stated that his injuries resulted from "continuous exposure [to the benzine gas] from the upper Mississippi to and including passage through the Alton Lock and Dam" in Madison County. The plaintiff also stated that all of his medical treatment because of the exposure was provided in nearby St. Louis, Missouri, and that his employment assignments were issued in St. Louis.

After the trial court denied the defendant's motion the appellate court affirmed and remanded for further proceedings. In concluding that the trial court did not err in holding that venue in Madison County is proper, the appellate court stated that the defendant had failed to establish for purposes of the venue statute that it is not "doing business" in Madison County. It also held that venue is proper in Madison County on the ground that the plaintiff stated sufficient facts to show that part of his exposure to the benzine gas occurred in Madison County. The appellate court said, too, that the trial court did not abuse discretion in refusing to dismiss the action on *forum non conveniens* grounds, observing that the record was insufficient to support the defendant's contention that other forums were preferable to Madison County.

Venue is properly fixed in the county of residence of any defendant joined in good faith or in the county in which the transaction or some part thereof occurred out of which the cause of action arose. (Ill. Rev. Stat. 1983, ch. 110, par. 2—101.) On the question of the residence of corporations, section 2—102(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—102(a)) provides:

"Any private corporation or railroad or bridge company, organized under the laws of this State, and any foreign corporation authorized to transact business in this State is a resident of any county in which it has its registered office or other office or is doing business."

The defendant erroneously contends that the plaintiff had the burden of pleading and proving that the defendant is a resident of Madison County or that the transaction or a part of it occurred in Madison County. See Ill. Rev. Stat. 1983, ch. 110, par. 2—101.

The plaintiff was not required to plead and prove that his selection of Madison County for the filing of this action was proper. (*Hines v. Dresser Industries, Inc.* (1985), 137 Ill. App. 3d 7, 12; *Dever v. Bowers* (1950), 341 Ill. App. 444, 450.) The defendant was the movant, and the burden was on it to prove that the plaintiff's selection of venue was improper. (*Bell v. School District No. 84* (1950), 407 Ill. 406, 416; *Eth-Wha, Inc. v. Blankenship* (Fla. App. 1986), 483 So. 2d 872, 873.) In doing so, the defendant must set out specific facts, not conclusions, and show a clear right to the relief asked for. (*Taylor v. Southern Ry. Co.* (1932), 350 Ill. 139, 143; *Winn v. Vogel* (1952), 345 Ill. App. 425, 430.) Any doubts arising from the inadequacy of the record will be resolved against the defendant. *Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 391-92.

A review of the proceeding shows that the defendant failed to meet this burden. The record does not demonstrate that the defendant is not doing business in Madison County and that the plaintiff did not sustain injuries in that county through exposure to noxious gas.

In *Baltimore & Ohio R.R. Co. v. Mosele* (1977), 67 Ill. 2d 321, this court held that a defendant will be considered as doing business for purposes of the venue statute when it is "conducting its usual and customary business within the county in which venue is sought." 67 Ill. 2d

321, 329-30; see also *Stambaugh v. International Harvester Co.* (1984), 102 Ill. 2d 250, 257-58.

One looks to the quantity or volume of business activity within a county to determine whether a defendant is doing business within the county. (See *Baltimore & Ohio R.R. Co. v. Mosele* (1977), 67 Ill. 2d 321, 329.) In order to decide this, a court must have facts regarding the nature of the defendant's business and the volume of its business activity within the county. Only in this way can a court determine if the defendant is conducting business within a county.

Here, the defendant alleges that it is not doing business in Madison County as it only occasionally purchases supplies along the river in Madison County and only occasionally does fleet and barge work in the county for a single customer, Con Agra. The record is silent, however, as to the level of business activity that is involved, the number of personnel or the revenue that is generated from these operations. For all one knows from the record, although the defendant may conduct only occasional commercial activity in Madison County, that activity may entail a substantial level of expenditures and manpower and may produce substantial revenue. The defendant's statement, without other description, that it does "fleet and barge" work for Con Agra suggests substantial activity in Madison County.

The defendant did not set out sufficient facts to enable the trial court to determine whether it conducts its usual and customary business in Madison County. The appellate court correctly held that the circuit court did not abuse discretion in holding that venue in Madison County is proper. *Stambaugh v. International Harvester Co.* (1984), 102 Ill. 2d 250, 263.

Although the defendant's doing business in Madison County was sufficient to fix venue there, the appellate court correctly held there was an additional ground, in

that the plaintiff stated sufficient facts to support his allegation that "the transaction or some part thereof" in which he was injured occurred in Madison County. The plaintiff's affidavit states that he was continuously exposed to the benzine gas from the time the boat proceeded from the upper Mississippi River until it passed through the Alton Lock and Dam at Madison County. There is no denial by the defendant that the plaintiff suffered injury in Madison County. The defendant's affidavit does state that the plaintiff was not in Madison County on November 26, 1982, but the complaint did not allege that the plaintiff was exposed to the gas only on November 26, but rather it alleged that he suffered injuries on or about that date. We consider that the plaintiff adequately alleged that "the transaction or some part thereof" occurred in Madison County and that venue in Madison County was proper on this basis as well.

The circuit court did not abuse discretion in denying the plaintiff's motion to dismiss the action on the ground of *forum non conveniens*. The doctrine of *forum non conveniens* presupposes the existence of more than one court with authority to hear the case. (*Meyers v. Bridgeport Machines Division of Textron, Inc.* (1986), 113 Ill. 2d 112, 117; *Satkowiak v. Chesapeake & Ohio Ry. Co.* (1985), 106 Ill. 2d 224, 228.) Under the doctrine, a court may decline jurisdiction of a case whenever it appears that another forum can better "serve the convenience of the parties and the ends of justice." *Lonergan v. Crucible Steel Co. of America* (1967), 37 Ill. 2d 599, 606; *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 507, 91 L. Ed. 1055, 1062, 67 S. Ct. 839, 842; *Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 514.

In determining whether an application of the doctrine is appropriate, a court must balance certain private and public interest factors. In *Gulf Oil Corp. v. Gilbert*

(1947), 330 U.S. 501, 91 L. Ed. 1055, 67 S. Ct. 839, the Supreme Court described factors for consideration:

"Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if a view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. ***

*** Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. *** There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself." (330 U.S. 501, 508-09, 91 L. Ed. 1055, 1062-63, 67 S. Ct. 839, 843.)

See also *Meyers v. Bridgeport Machines Division of Textron, Inc.* (1986), 113 Ill. 2d 112, 118-19; *Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111, 118-19.

In considering *forum non conveniens* issues, this court has emphasized, however, that a plaintiff's right to select the forum is a substantial one, and that unless the balance of the relevant factors is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 509, 91 L. Ed. 1055, 1062-63, 67 S. Ct. 839, 843; *Torres v. Walsh* (1983), 98 Ill. 2d 338, 351; *People ex rel. Compagnie Nationale Air France v. Giliberto* (1978), 74 Ill. 2d 90, 111.

Too, in the absence of an abuse of discretion, the decision of the circuit court in granting or denying a *forum non conveniens* motion will not be disturbed on review.

*Meyers v. Bridgeport Machines Division of Textron, Inc.*
(1986), 113 Ill. 2d 112, 117-18; *People ex rel. Compagnie
Nationale Air France v. Giliberto* (1978), 74 Ill. 2d 90,
110.

In its motion, the defendant alleges that Madison
County is an inconvenient forum for trial and that Ste.
Genevieve County, Missouri, and Hennepin County, Min-
nesota, would afford more convenient forums. This, how-
ever, is only gratuitously stated. The motion states only
a conclusion and does not set out any facts to show that
the other forums would be more convenient for trial
than Madison County. The motion does not indicate who
are or where are any of the prospective witnesses or the
location of any other relevant source of proof. The
defendant's motion simply does not show that witnesses
or information "necessary to the trial of this case ***
can be more conveniently produced if the case is tried in
the suggested alternate forums." *Haring v. Chicago &
North Western Transportation Co.* (1984), 103 Ill. 2d
530, 533; *Cotton v. Louisville & Nashville R.R. Co.*
(1958), 14 Ill. 2d 144, 168.

Too, although the Administrative Office of the Illinois
Courts reports that the Madison County circuit court is
severely congested (see *Bland v. Norfolk & Western Ry.
Co.* (1987), 116 Ill. 2d 217, 229-30; *Foster v. Chicago &
North Western Transportation Co.* (1984), 102 Ill. 2d 378,
384), the defendant has failed to show that the cause here
could be more expeditiously tried in another forum. (See
*Brummett v. Wepfer Marine, Inc.* (1986), 111 Ill. 2d 495,
503; *Lonergan v. Crucible Steel Co. of America* (1967), 37
Ill. 2d 599, 606.) Also, as was illustrated in *Brummett,*
the fact that the plaintiff was injured in Madison County
provides "a significant factual connection with the forum"
and "an interest in the outcome of the controversy suffic-
ient to overcome the public interest in a less engaged
court calendar." 111 Ill. 2d 495, 501-02.

We hold that the circuit court did not abuse discretion in rejecting the defendant's motion and refusing to dismiss the action on the ground of *forum non conveniens*.

For the reasons given, the judgment of the appellate court is affirmed and the cause is remanded to the circuit court of Madison County for further proceedings consistent with this opinion.

*Affirmed and remanded.*

JUSTICE GOLDENHERSH took no part in the consideration or decision of this case.