# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Kerry No. 5, LLC v. Barbella Group, LLC*, 2012 IL App (1st) 102641

---

| | |
|---|---|
| Appellate Court Caption | KERRY No. 5, LLC, Plaintiff-Appellant, v. BARBELLA GROUP, LLC, Defendant-Appellee. |
| District & No. | First District, Second Division<br>Docket No. 1-10-2641 |
| Filed | March 30, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action for breach of contract filed by an Illinois limited liability company against a Florida limited liability company seeking payment for logos, intellectual property and manuals in connection with the operation of a restaurant, the trial court's grant of defendant's motion to dismiss the Illinois action based on the doctrine of *forum non conveniens* was affirmed, notwithstanding the fact that the trial court erred in finding that venue in Illinois was improper, since defendant was a nonresident of Illinois and venue was proper in Illinois under section 2-101 of the Code of Civil Procedure, but the public and private interest factors favored Florida as a forum. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-L-12801; the Hon. Allen S. Goldberg, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

Law Offices of David H. Latham, of Chicago (David H. Latham, of counsel), for appellant.

Lawrence Abu-Hashish, of Fort Lauderdale, Florida, for appellee.

Panel

JUSTICE HARRIS delivered the judgment of the court, with opinion.
Justices Cunningham and Connors concurred in the judgment and opinion.

## OPINION

¶ 1 Here we are called upon to determine whether the circuit court erred in granting the motion of defendant, the Barbella Group, LLC, to dismiss based on lack of venue and the doctrine of *forum non conveniens*. Plaintiff, Kerry No. 5, LLC, raises the following issues on appeal: (1) whether venue was proper under section 2-101 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-101 (West 2008)); and (2) whether the circuit court abused its discretion in declining jurisdiction under the doctrine of *forum non conveniens*. We hold that venue is proper in Cook County, Illinois, based on the general venue provision of section 2-101 of the Code (735 ILCS 5/2-101 (West 2008)) because defendant is a nonresident of Illinois, and thus venue is proper in any county in Illinois. We hold that the circuit court did not abuse its discretion in granting defendant's motion to transfer venue based on the doctrine of *forum non conveniens* because the relevant private and public interest factors favor the State of Florida as the proper forum for this litigation.

¶ 2                             JURISDICTION

¶ 3 On August 3, 2010, the circuit court granted defendant's motion to dismiss. On September 1, 2010, plaintiff timely filed its notice of appeal. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rules 301 and 303 governing appeals from final judgments entered below. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. May 30, 2008).

¶ 4                             BACKGROUND

¶ 5 On October 28, 2009, plaintiff filed a one-count complaint alleging breach of contract against defendant. Plaintiff, in its complaint, alleged in April of 2009, it entered into an agreement with defendant whereby it "agreed to allow [defendant] to use certain logos, intellectual property, operating manuals and recipe manuals in connection with the operations of a restaurant." Plaintiff alleged that defendant agreed to pay it $150,000 under the agreement, but had only paid it $70,000. Plaintiff requested that a judgment be entered

against defendant "in the amount of $70,000, plus interest and court costs" and an order entered requiring defendant "to return all interior and exterior signage, menus and menu covers."[1]

¶ 6    Plaintiff attached the agreement, which was titled "Trademark Use Agreement," to its complaint. The agreement stated plaintiff was an Illinois limited liability company while defendant was a Florida limited liability company. The agreement stated plaintiff was the legal owner of the trademark "Pazzo's Cucina Italiana." The agreement contained four articles. The first article, in relevant part, stated that "No changes can be made to the color, font style, or description in the logo." The use of the logo was "only permitted at 1430 SE 17th Street, Fort Lauderdale, FL 33316." Article one also contained provisions stating plaintiff owned all signage, operating manuals, menus, and menu covers, which should be returned to plaintiff when no longer in use. Article two of the agreement addressed representations, warranties and covenants made by plaintiff. In relevant part, article two stated that plaintiff "is a limited liability company duly organized, validly existing and in good standing under the laws of the State of Illinois and is qualified to transact business as a foreign limited liability company and is in good standing in the State of Illinois." Article three of the agreement addresses indemnification provisions.

¶ 7    Article four references a Florida liquor license between an undefined seller and buyer and, for the first time in the agreement, mentions a "KMBZ, LLC." Article four, in relevant part, states "the Seller is the sole owner of the '4 COP' Quota Florida Alcoholic Beverage License *** with the Florida Division of Alcoholic Beverages and Tobacco." Article four further states the license "is being used to operate [a] restaurant known as 'Pazzo's Cucina Italiana' located at 1430 S.E. 17th Street Causeway, Fort Lauderdale, Florida," and that "In the event that the liquor license is not transferred, KMBZ, LLC and/or Rocky Aiyash shall refund the Buyer the amount of $125,000 *** within 5 days after receiving written notice of the failure of the transfer of ownership at no fault of KMBZ, LLC." The agreement does not define who the "Seller" is nor does it identify "KMBZ, LLC."

¶ 8    As consideration, the agreement stated that defendant would pay plaintiff $150,000. Rocky Aiyash signed the agreement on behalf of plaintiff, as "Manager/Individually." Maan Barazi signed on behalf of defendant and was characterized in the agreement as defendant's manager. KMBZ, LLC, was also a signatory to the agreement. Matthew T. Aiyash, who the agreement states was KMBZ, LLC's manager, signed on its behalf.

¶ 9    On January 5, 2010, plaintiff filed a proof of service, showing defendant's agent, Maan Barazi, was served in Broward County, Florida.

---

[1]Earlier in the complaint, plaintiff alleged defendant had only paid it $70,000 of the $150,000 it was owed. However, later in the complaint, plaintiff only asked for $70,000, not the $80,000 alleged balance referenced earlier in the complaint. Later, in its motion for default judgment, plaintiff asked for $80,000 to be awarded to it.

¶ 10    On January 8, 2010, defendant filed a motion to dismiss.[2] In its motion to dismiss, defendant alleges that it purchased a "pizza franchise" from plaintiff and that the restaurant that is the subject of the sale is located in Fort Lauderdale, Florida. Defendant alleged further that "the transaction or transactions all occurred in Florida," that it "has no domicile in Illinois, does not do business in Illinois, has no employees in Illinois and has never done business" in Illinois. Defendant alleges it is not a resident of Illinois and that Maan Barazi, its agent, is also not a resident of Illinois.[3] Defendant alleges that under section 2-101 of the Code, the cause of action must be dismissed because it is not a resident of Cook County and no part of the transaction occurred in Cook County. 735 ILCS 5/2-101 (West 2008). Additionally, defendant asserted that under the doctrine of *forum non conveniens*, jurisdiction should be declined. Defendant attached to its motion an affidavit of its authorized agent, Maan Barazi, in which Barazi stated that the "dispute giving rise to this case arose from the sale of a restaurant/pizza franchise business located in Fort Lauderdale, Florida." In his affidavit, Barazi further stated that "the contract was entered into in Florida," that "the transaction occurred entirely in Florida," that defendant is a resident of Florida and "has no residence in *** Illinois," and that defendant "does no business in Illinois and has no offices, employees or any business relation in the State of Illinois."

¶ 11    In response to defendant's motion to dismiss, plaintiff argued that the dispute was a "simple case involving Defendant's failure to pay sums due under a trademark use agreement." Plaintiff contended that under section 2-101 of the Code (735 ILCS 5/2-101 (West 2008)), venue was proper in any county in Illinois because the only defendant in the case did not reside in Illinois. Plaintiff further argued that Cook County was not an inconvenient forum based on both private and public factors. In regard to the private factors, plaintiff argued the parties would be equally inconvenienced because it is a resident of Illinois and defendant resides in Florida. Plaintiff argued that "Defendant has offered no other facts to suggest that venue is substantially less convenient here than in Florida and there is no suggestion that any premises will have to be viewed." In regard to public factors considered in determining the proper forum, plaintiff responded that defendant did not present any evidence that public factors were in its favor and commented that "we see no need to do its work for it except to say that this is a simple case of failure to pay an agreed upon sum." Plaintiff also stressed that its choice of forum should be given deference. Specifically, because it is an Illinois limited liability company with its place of business at 311 South Wacker Drive in Chicago, Illinois, it has an interest in having its cause of action

---

[2]Defendant did not specify whether its motion was pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2008)) or section 2-619 of the Code (735 ILCS 5/2-619 (West 2008)).

[3]We note that before this court, there is only one defendant, Barbella Group, LLC. Similarly, plaintiff's complaint filed before the circuit court listed the only defendant as Barbella Group, LLC. However, defendant's motion to dismiss listed both Barbella Group, LLC, as a defendant and "Mann Barazi" as a codefendant. We also note that the pleadings in the record refer to "Mann Barazi" as both "Mann" and "Maan" Barazi and refer to him as defendant's manager, a principle of Barbella Group, LLC, and as the authorized agent of Barbella Group, LLC.

litigated in Cook County. As an exhibit, plaintiff attached to its response the affidavit of Rocky Aiyash, who stated that he had "personal knowledge of the matters contained herein" and that he was "a member and manager" of plaintiff. Aiyash further attested that plaintiff is an Illinois limited liability company that operates " 'Pazzo's Mediterranean Bar & Grill' at 311 South Wacker Drive, Chicago."

¶ 12    In reply, defendant maintained that Florida was the proper venue because the subject restaurant was in Florida, the contract was entered into in Florida, and the parties conducted business in Florida. Defendant argued that plaintiff's only support for its argument that Cook County was the proper forum was that it resided there. Defendant alleged plaintiff was "forum shopping to suit [its] individual interests." Further, defendant maintained that Cook County should not bear the expense of a trial for a controversy with a Florida restaurant and that it would be a great expense for it to defend the suit in Cook County. Defendant stressed that it had no connections to Illinois and that it did all of its business in Florida.

¶ 13    On August 3, 2010, the circuit court issued a memorandum opinion and order granting defendant's motion to dismiss for lack of venue and under the doctrine of *forum non conveniens*.[4] The circuit court found that Cook County was not the proper venue because defendant did not reside and did not do any business in Illinois. The circuit court found defendant did not conduct any usual or customary business in Illinois.

¶ 14    The circuit court also found that the State of Florida is a more convenient forum than Cook County, Illinois, based on both private and public interests. The circuit court noted that either forum would be inconvenient to one of the parties, depending on which forum prevailed. Accordingly, the circuit court found that the factor addressing the convenience of the parties did not favor either party. Next, the circuit court found that because the restaurant, menus, logos and signage are located in Florida, this factor weighed "slightly" in defendant's favor. The circuit court noted that "while it might not be necessary to view the premises at this juncture of litigation, that does not mean it will never be necessary, and all the property in question is in Florida."

¶ 15    In addressing whether public interest factors favor either of the forums, the circuit court found:

> "The public interest in having localized controversies decided at home and not in burdening citizens in an unrelated forum with jury duty would be satisfied in Florida. The Defendants reside in Florida, and the controversy is local to Florida because that is where the transaction occurred and where the property that is subject to the dispute is located. Because the transaction occurred in Florida and the controversy is local to Florida, Florida jurors would be hearing a case that is related to their jurisdiction. Dismissing this case in Cook County, Illinois would be proper because it would be unfair to impose the expense of a trial and burden of jury duty on Cook County residents. There is no connection to the litigation beyond the Plaintiff residing in Cook County."

The circuit court did not consider whether court congestion favored either of the possible

---

[4]The circuit court's memorandum opinion and order stated that it did consider oral argument on the matter. However, a transcript of the oral argument is not in the record before this court.

forums because the parties did not present any argument regarding this public interest factor.

¶ 16     Overall, the circuit court found that two public interest factors favored Florida as a forum, one private interest factor favored Florida, and the remaining two factors were neutral. Accordingly, the circuit court found that "Florida can serve the ends of justice better than Cook County, Illinois."

¶ 17     On September 1, 2010, plaintiff timely filed its notice of appeal. This appeal followed.

¶ 18                                    ANALYSIS

¶ 19     Before this court, plaintiff attacks the circuit court's rulings regarding venue and the application of the doctrine of *forum non conveniens*. Plaintiff did not file a reply brief before this court. Before we analyze plaintiff's contentions in turn, there are two items of note that we found in our review of the record. First, defendant cited several documents that are not part of the record. Defendant attached as exhibits to its brief before this court a document titled "Asset Purchase Agreement" and a seven-count complaint it and Maan Barazi filed against defendant, KMBZ, LLC, Matthew Aiyash, and Rocky Aiyash in the State of Florida. Defendant references these documents in its brief, particularly in its statement of facts. However, these documents are not part of the record. Accordingly, we will not consider the unfiled documents or any references to these documents in defendant's brief in making our decision. See *Dopp v. Village of Northbrook*, 257 Ill. App. 3d 820, 824 (1993) (this court refused to consider a proposed unfiled amended complaint, stating "all matters to be considered on appeal must be made part of the official court record" and that "[d]ocuments to be included in the record on appeal may only consist of those which were filed in the case"). Second, the order entered by the circuit court granted defendant's motion to dismiss "for lack of venue and *forum non conveniens*." This is misleading because "[t]he doctrine of *forum non conveniens* presupposes the existence of more than one court with authority to hear the case." *Weaver v. Midwest Towing, Inc.*, 116 Ill. 2d 279, 287 (1987). This court has stated "that a defendant's motion to dismiss for *forum non conveniens* should not be analogized to an objection to improper venue." *Grant v. Starck*, 96 Ill. App. 3d 297, 300-01 (1981). Therefore, we will first determine whether venue was proper in Cook County, Illinois, before determining whether Cook County, Illinois, is an inconvenient forum based on the doctrine of *forum non conveniens*.

¶ 20                                     Venue

¶ 21     Plaintiff first argues that venue was proper in Cook County, Illinois, based on section 2-101 of the Code. 735 ILCS 5/2-101 (West 2008). In making its argument, plaintiff relies upon the following language in section 2-101 of the Code: "If all defendants are nonresidents of the State, an action may be commenced in any county." 735 ILCS 5/2-101 (West 2008). Plaintiff contends that because the sole defendant is not a resident of Illinois, it may commence its action in any county of Illinois.

¶ 22     Defendant responds that venue in Cook County, Illinois, is not proper because it does not reside in Illinois, it has not done business in Illinois, and the contract between the parties was signed and executed in the State of Florida. Therefore, defendant contends that it does not

have sufficient contact or ties to Illinois for Cook County to be the proper venue for the cause of action. Defendant argues that plaintiff focuses only on one sentence of section 2-101 of the Code while disregarding the rest of the statute. Defendant claims that considering section 2-101 in its entirety shows that it is a nonresident defendant with insufficient Illinois contacts for venue to be proper in Cook County, Illinois.

¶ 23    Our supreme court in *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 153-55 (2005), set out a two-step standard of review for determining whether venue is proper:

> "The determination of proper statutory venue raises separate questions of fact and law because it necessarily requires a trial court to rule on the legal effect of its factual findings. In other words, after first examining the facts of the case, the trial court must then determine whether the venue statute is satisfied. The inquiry thus requires a two-step analysis. First, the trial court's underlying factual findings of fact will not be disturbed on review unless those findings are against the manifest weight of the evidence. [Citation.] Second, the trial court's conclusion of law is reviewed *de novo*." *Id.* at 153-54.

Accordingly, we will not disturb the circuit court's findings of fact unless those findings are against the manifest weight of the evidence, and we will review the circuit court's conclusions of law *de novo*. *Id.*

¶ 24    The concept of venue, which determines where a cause of action is heard, is distinct from the concept of jurisdiction. *Baltimore & Ohio R.R. Co. v. Mosele*, 67 Ill. 2d 321, 328 (1977). Therefore, "[s]tatutory venue requirements are procedural only and do not have any relation to the question of jurisdiction." *Id*. Further, "[v]enue may properly lie in more than one jurisdiction." *ServiceMaster Co. v. Mary Thompson Hospital*, 177 Ill. App. 3d 885, 890 (1988).

¶ 25    Section 2-101 of the Code is the general venue statute in Illinois. 735 ILCS 5/2-101 (West 2008). Section 2-101 provides, in relevant part:

> "Generally. *Except as otherwise provided in this Act*, every action must be commenced (1) in the county of residence of any defendant who is joined in good faith and with probable cause for the purpose of obtaining a judgment against him or her and not solely for the purpose of fixing venue in that county, or (2) in the county in which the transaction or some part thereof occurred out of which the cause of action arose.
>
>     ***
>
> *If all defendants are nonresidents of the State, an action may be commenced in any county.*" (Emphases added.) 735 ILCS 5/2-101 (West 2008).

Section 2-102 of the Code defines the residence of corporations. 735 ILCS 5/2-102 (West 2008). Subsection (a) of section 2-102 provides, in relevant part: "A foreign corporation not authorized to transact business in this State is a *nonresident* of this State." (Emphasis added.) 735 ILCS 5/2-102(a) (West 2008).

¶ 26    The burden of proving improper venue is on the defendant. *Corral*, 217 Ill. 2d at 155. Defendant must show a clear right to relief and set out specific facts, not conclusions. *Id*. Doubts arising due to an inadequate record are to be resolved against the defendant. *Id*.

¶ 27    In this case, venue is proper in Cook County, Illinois, based on sections 2-101 and 2-102

of the Code. 735 ILCS 5/2-101, 2-102(a) (West 2008). Defendant, based on the affidavit it attached to its motion to dismiss, in which its agent attested that it was a "resident of Florida," it "does no business in Illinois and has no offices, employees or any business relation in the State of Illinois," is a nonresident of Illinois based on section 2-102(a) of the Code. 735 ILCS 5/2-102(a) (West 2008) ("A foreign corporation not authorized to transact business in this State is a nonresident of this State."). As it is the only defendant, an action may be filed against it in any county in Illinois according to section 2-101 of the Code. 735 ILCS 5/2-101 (West 2008) ("If all defendants are nonresidents of the State, an action may be commenced in any county."). Accordingly, plaintiff properly filed its action against defendant in Cook County, Illinois, as it was allowed to do under the general venue provision of the Code. 735 ILCS 5/2-101 (West 2008).

¶ 28    Defendant relies upon several cases that all address motions to transfer venue to another county within the State of Illinois and are thus readily distinguishable to the case at bar. In *Baltimore & Ohio R.R. Co. v. Mosele*, at issue was whether a foreign corporate defendant authorized to do business in Illinois was " 'doing business' within Madison County[, Illinois,] for purposes of the venue statute." *Mosele*, 67 Ill. 2d at 324-26. Our supreme court held it was not and directed the circuit court to "enter an order transferring the case *** to a county of proper venue." *Id.* at 334. In *Corral v. Mervis Industries*, a defendant filed a motion to transfer venue from Cook County, Illinois, to Vermilion County, Illinois. *Corral*, 217 Ill. 2d at 147. In *ServiceMaster Co. v. Mary Thompson Hospital*, the defendant sought to have venue transferred from Du Page County, Illinois, to Cook County, Illinois. *ServiceMaster Co.*, 177 Ill. App. 3d at 887-90. Similarly, in *Stambaugh v. International Harvester Co.*, a defendant sought a motion to transfer out of St. Clair County, Illinois. *Stambaugh v. International Harvester Co.*, 102 Ill. 2d 250, 255 (1984). Defendant has not cited any authority addressing interstate motions to dismiss based on venue as opposed to an intrastate motion to transfer venue as occurred in the cases it cites in support. Defendant had the burden of proving improper venue, but failed to do so here. *Corral*, 217 Ill. 2d at 155.

¶ 29    The circuit court erred in finding venue in Cook County was improper.

¶ 30                                *Forum Non Conveniens*

¶ 31    Although we hold that venue was proper in Cook County, Illinois, we may still affirm the circuit court's dismissal of plaintiff's cause of action based on the doctrine of *forum non conveniens*. Plaintiff argues the circuit court abused its discretion in finding that Cook County is an inconvenient forum for its cause of action. Plaintiff characterizes the matter as a "collection case–Defendant agreed to pay but did not [pay] certain sums under a written agreement." Based on this characterization, plaintiff maintains that the private factors a court considers under the *forum non conveniens* doctrine favor keeping the matter in Illinois. Specifically, plaintiff argues that defendant failed to present any affidavits from potential witnesses establishing any inconvenience, and that defendant offered no evidence to prove that the property in Florida mentioned in the agreement between the parties would need to be viewed. Plaintiff contends that the public factors a court considers under the *forum non conveniens* doctrine are "neutral to slightly favoring Plaintiff." Specifically, plaintiff argues

-8-

that Cook County has an interest in the controversy as it is a resident of Cook County, that the circuit court did not give deference to its choice of forum, and that defendant did not present any evidence of possible court congestion in Cook County.

¶ 32    Defendant responds that the circuit court properly found that both the public and private factors favored Florida as the appropriate forum for the cause of action. Defendant maintains that it does not have any ties to Cook County. Defendant alleges that KMBZ, LLC, another signatory to the agreement between the parties, but not a party to the appeal, is also a Florida company. Defendant contends that because plaintiff entered into the agreement with it in Florida, Florida is the proper forum.

¶ 33    As an equitable doctrine based on the effective administration of justice and considerations of fundamental fairness, the doctrine of *forum non conveniens* allows the circuit court "to decline jurisdiction when trial in another forum 'would better serve the ends of justice.' " *Langenhorst v. Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 441 (2006) (quoting *Vinson v. Allstate*, 144 Ill. 2d 306, 310 (1991)); see also *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947) ("The principle of forum non conveniens is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute."). Both private and public interest factors must be balanced in determining whether the doctrine applies. *Weaver*, 116 Ill. 2d at 287. Our supreme court, in *First National Bank v. Guerine*, 198 Ill. 2d 511 (2002), explained:

"In Illinois, the private interest factors include (1) the convenience of the parties; (2) the relative ease of access to sources of testimonial, documentary, and real evidence; and (3) all other practical problems that make trial of a case easy, expeditious, and inexpensive–for example, the availability of compulsory process to secure attendance of willing witnesses, the cost to obtain attendance of willing witnesses, and the ability to view the premises (if appropriate). [Citations.] The public interest factors include (1) the interest in deciding localized controversies locally; (2) the unfairness of imposing the expense of a trial and the burden of jury duty on residents of a county with little connection to the litigation; and (3) the administrative difficulties presented by adding further litigation to court dockets in already congested fora. [Citation.] Court congestion is a relatively insignificant factor, especially where the record does not show the other forum would resolve the case more quickly." *Guerine*, 198 Ill. 2d at 516-17.

¶ 34    The above factors apply to both intrastate and interstate transfers. *Id.* at 517. A plaintiff's choice of forum is a substantial one and should rarely be disturbed unless the private and public interest factors strongly favor the defendant. *Weaver*, 116 Ill. 2d at 288. Our supreme court has acknowledged that although "the *forum non conveniens* standard remains difficult for defendants to meet, it does not foreclose legitimate transfers when the balance of factors strongly favors litigation in another forum." *Guerine*, 198 Ill. 2d at 521. Defendant has the burden of proving that the factors "strongly favor" a transfer. *Langenhorst*, 219 Ill. 2d at 444.

¶ 35    The private and public factors are not to be weighed against each other, but, rather, the total circumstances of the case must be evaluated to determine whether they strongly favor a transfer. *Guerine*, 198 Ill. 2d at 518. Each case "must be considered as unique on its facts." *Langenhorst*, 219 Ill. 2d at 443. The defendant cannot argue that plaintiff's choice of forum

is inconvenient to the plaintiff. *Guerine*, 198 Ill. 2d at 518. However, "defendant must show that the plaintiff's chosen forum is inconvenient to the defendant and another forum is more convenient to all parties." *Id.*

¶ 36    On review, we will not reverse the circuit court's decision in its application of the doctrine of *forum non conveniens* unless the court abuses its discretion. *Weaver*, 116 Ill. 2d at 288; see also *Guerine*, 198 Ill. 2d at 515 (stating "trial court enjoys considerable discretion" in deciding a motion based on *forum non conveniens*). When balancing the relevant factors, the circuit court only abuses its discretion "where no reasonable person would take the view adopted by the circuit court." *Langenhorst*, 219 Ill. 2d at 442.

¶ 37    With these principles in mind, we hold the circuit court did not abuse its discretion. In considering the private interest factors, the circuit court found that the first private interest factor, the convenience of the parties, did not favor either party because either party would be inconvenienced in its opponent's preferred forum. We agree with the circuit court's analysis. It is clear that one of the parties will be inconvenienced by the eventual forum chosen and, therefore, this factor does not favor either party. As to the second and third private interest factors, the ease of access to the evidence and ability to view the premises, we hold that these factors strongly favor Florida as the appropriate forum for this litigation. According to the affidavit of defendant's authorized agent, the "case arose from the sale of a restaurant/pizza franchise business located in Fort Lauderdale, Florida," "the contract was entered into in Florida," and "the transaction occurred entirely in Florida." Plaintiff does not dispute this. The second and third private interest factors favor Florida because all of the potential evidence, including the restaurant itself, is located in Florida.

¶ 38    The public factors also favor Florida. As shown above, all of the property, including the restaurant itself, is in Florida. Additionally, the transaction occurred in Florida. Based on these facts, the first public interest factor, "the interest in deciding localized controversies locally," favors Florida. *Guerine*, 198 Ill. 2d at 516-17. We agree with the circuit court's finding that "Florida jurors would be hearing a case that is related to their jurisdiction." The next public factor, "the unfairness of imposing the expense of a trial and the burden of jury duty on residents of a county with little connection to the litigation," also favors Florida. *Guerine*, 198 Ill. 2d at 517. Based on the pleadings, the only connection Cook County has to this litigation is that it is plaintiff's residence. Cook County only has a little connection to this litigation, but would bear the cost of a trial. We acknowledge that a plaintiff's choice of forum should be given substantial deference. *Weaver*, 116 Ill. 2d at 288. In this case, however, none of the factors favor Illinois as the proper forum.

¶ 39    Like the circuit court, we did not consider the final public interest factor, court congestion, because neither party provided any evidence of court congestion in either forum. See *Guerine*, 198 Ill. 2d at 516-17 ("Court congestion is a relatively insignificant factor, especially where the record does not show the other forum would resolve the case more quickly.").

¶ 40    After reviewing the circuit court's findings in regard to the private and public interests concerning dismissing plaintiff's case, we cannot say that no reasonable person would take the view, as the circuit court did in this case, that the public and private interest factors favor

Florida as a forum. See *Langenhorst*, 219 Ill. 2d at 442 ( "A circuit court abuses its discretion in balancing the relevant factors only where no reasonable person would take the view adopted by the circuit court."). Accordingly, the circuit court did not abuse its discretion in granting defendant's motion to dismiss based on the doctrine of *forum non conveniens*.

¶ 41                                              CONCLUSION
¶ 42          The judgment of the circuit court is affirmed.

¶ 43          Affirmed.