BONNIE FRANKLIN *et al.*, Plaintiffs-Appellees, v. FMC CORPORATION *et al.*, Defendants-Appellants.

First District (2nd Division)   No. 85—0086

Opinion filed December 2, 1986.

Wildman, Harrold, Allen & Dixon, of Chicago (Michael L. McCluggage and Thomas E. Patterson, of counsel), for appellants.

Hayes & Power, of Chicago (Joseph A. Power, of counsel), for appellees.

JUSTICE SCARIANO delivered the opinion of the court:

Plaintiffs, Bonnie Franklin and Wendell Franklin, filed a complaint in the circuit court of Cook County, seeking to recover for personal injuries sustained by Bonnie in an accident while at work at the Joan-of-Arc manufacturing plant in Hoopeston, Illinois, located in downstate Vermilion County. Defendants (FMC Corporation and the Allen-Bradley Company) moved to dismiss the cause in Cook County based on the doctrine of *forum non conveniens*, asserting that Vermilion County was a more appropriate venue in which to litigate the case. The circuit court denied that motion, and we granted defendants leave to appeal. We now reverse the circuit court's judgment and remand the cause.

Plaintiffs are residents of Milford, Illinois, a village located in Iroquois County; it is also some 11 miles distant from Vermilion County. FMC Corporation, a foreign corporation, does business in Hoopeston; it maintains its registered agent, however, in Chicago, where its principal place of business is located. Codefendant Allen-Bradley Company, another foreign corporation, also does business in Hoopeston and has a registered agent in Chicago; its principal place of business is in Milwaukee, Wisconsin.

In the complaint, it was alleged that a corn-cutting machine, and a conveyor belt used in conjunction with it, were unreasonably dangerous and caused plaintiff's injuries. FMC had manufactured the

corn-cutting machine and the conveyor belt in Vermilion County and sold it to the Illinois Canning Company, the predecessor corporation of Joan-of-Arc. The Allen-Bradley Company manufactured an on/off switch used on the machine.

After the accident, plaintiff was taken to the Hoopeston Community Hospital, also in Vermilion County. Later during her recovery, plaintiff received additional treatment in Springfield, Illinois, in Sangamon County. Springfield is located roughly 115 miles from the Vermilion County courthouse, and is about 187 miles distant from the Cook County courts.

The machinery at issue herein is still in use in Hoopeston, and documentation pertinent to its manufacture, use, and maintenance is to be found there. Training of employees in the usage of the apparatus was done in Hoopeston, and, with one exception, all the individuals who have inspected the machinery are employees of FMC in Hoopeston. The individual from outside Hoopeston is a resident of downstate Champaign County. Other Joan-of-Arc employees are alleged to have knowledge relevant to this case; obviously they live in or near Vermilion County.

■■ The sole issue presented herein is the question of whether the circuit court erred in its application of the doctrine of *forum non conveniens*. In view of both the tenuous connection between Cook County and this litigation and the substantial relationship between Vermilion County and the case, the latter venue was, by far, the more appropriate forum to hear the case. It follows that the circuit court's refusal to cede jurisdiction to the Vermilion County courts constituted reversible error.

The Illinois Supreme Court recognized the intrastate application to the doctrine of *forum non conveniens* for the first time in *Torres v. Walsh* (1983), 98 Ill. 2d 338, 456 N.E.2d 601. The court stated therein:

> "In finding that trial courts have such authority, we emphasize the factors to be taken into consideration in making the decision: the availability of an alternate forum, the access to sources of proof, the accessibility of witnesses, the relative advantages and obstacles to obtaining a fair trial, the congestion of the court dockets, and the convenience of the parties. We also caution our trial courts that unless those factors strongly favor the defendant, then the plaintiff should be allowed to exercise his choice in deciding in what forum to bring the case when venue is proper." (98 Ill. 2d 338, 351, 456 N.E.2d 601.)

These were the traditional factors courts had taken into account in

analyzing interstate transfers based on the doctrine of *forum non conveniens*. This approach to weighing the merits of a motion to transfer a cause based on the doctrine has been characterized as an "unequal balancing test" (*Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 366, 456 N.E.2d 98) in which a plaintiff's right to choose the forum from among those where the action potentially could be brought is accorded great deference. (*Torres v. Walsh* (1983), 98 Ill. 2d 338, 349, 456 N.E.2d 601.) That deference, while broad, is not entirely unfettered. The *Torres* court itself cautioned against the misuse of the doctrine, stating "we hope to promote fair play between plaintiffs and defendants and discourage the incessant jockeying for a more sympathetic jury likely to come forward with a more substantial award." (98 Ill. 2d 338, 351, 456 N.E.2d 601.) Later, in *Foster v. Chicago & North Western Transportation Co.* (1984), 102 Ill. 2d 378, 383, 466 N.E.2d 198, the court noted the continued vitality of the requirement that a nexus exist between the forum and the litigation, stating "[t]his court has consistently held that a case should not be tried in a forum that has no significant factual connections to the cause of action. [Citations.]" The *Foster* court went on to hold that the mere fact that defendant's rail trackage ran through a particular forum (creating jurisdiction) did not provide a sufficient connection to the litigation to defeat a *forum non conveniens* transfer motion, where the accident occurred elsewhere and other factors favored trial in a venue other than that chosen by plaintiff.

In any application of the doctrine of *forum non conveniens*, there are multiple forums possessing jurisdiction over the parties and subject matter in which the case might appropriately be pursued. (*Weiser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 362, 456 N.E.2d 98.)

> "*Forum non conveniens* is a doctrine that is founded in considerations of fundamental fairness and sensible and effective judicial administration. In the application of these basic considerations a court may decline jurisdiction of a case 'even though it may have proper jurisdiction over all parties and the subject matter involved' [citations], whenever it appears that there is another forum that can better 'serve the convenience of the parties and the ends of justice.' [Citation.]" (*Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 514, 301 N.E.2d 729.)

The decision as to which venue ought to hear the case is entrusted to the sound discretion of the circuit court hearing the motion to dismiss the cause under the doctrine. That determination, like

plaintiff's selection itself, is entitled to substantial deference and will be set aside only where the court has abused its discretion in the first instance. See *Piper Aircraft Co. v. Reyno* (1981), 454 U.S. 235, 257, 70 L. Ed. 2d 419, 436, 102 S. Ct. 252, 266; *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 373, 444 N.E.2d 157.

We note at the outset that the case properly could have been commenced in either of the two target venues. The Code of Civil Procedure permits suit in the county of residence of any defendant joined in good faith (Ill. Rev. Stat. 1985, ch. 110, par. 2—101) and further fixes the residence of foreign corporations in any county in which that firm does business, has an office, or maintains its registered agent (Ill. Rev. Stat. 1985, ch. 110, par. 2—102). Both defendants herein were "doing business" in Vermilion County, and both had agents in Cook County. In the absence of any finding of a bad-faith joinder, the circuit court of either county could hear the case.

■ The mere residence of the corporate defendants in Cook County, however, is not an adequate reason to retain jurisdiction over the cause. Were this fact sufficient in and of itself, the doctrine itself would be entirely vitiated, and no transfer would ever be obtained. Rather, plaintiff's choice would be elevated to the stature of a dispositive consideration, which is patently not to be allowed. Indeed, we note that in *Torres*, plaintiff also chose to initiate the litigation in Cook County based on the fact that the registered agent of one of the corporate defendants was in Chicago. Defendants moved to transfer the cause to Sangamon County, and the court granted the motion based on the doctrine. On appeal, the Illinois Supreme Court refused to overturn that decision. (*Torres v. Walsh* (1983), 98 Ill. 2d 338, 456 N.E.2d 601.) The connection between Cook County and the litigation herein is no closer than that in *Torres*. See also *Bjurstrom v. Commonwealth Edison Co.* (1986), 144 Ill. App. 3d 743.

Plaintiffs point out that aside from the existence of registered agents in Cook County, other factors support retaining the case in Cook County. Specifically, plaintiffs note that both FMC and Allen-Bradley have offices in Chicago and that FMC's principal place of business is Chicago; that Allen-Bradley's principal place of business, Milwaukee, is closer to Cook County than to Vermilion County; that certain medical witnesses are based in Chicago; and that because of the facts of the case, plaintiffs could not file their complaint in their home forum but had to select from among a number of foreign forums. We fail to perceive how these facts establish any connection between Cook County and the litigation herein.

That both defendants have offices in Chicago is no more than a

reiteration of the residence of their respective registered agents; as such, it provides no linkage to the subject matter of the litigation. Similarly, the fact that FMC has its principal place of business in Chicago, although a valid consideration, provides no additional nexus between the forum and the litigation. FMC, in addition to its offices in Cook County, has facilities in Lake, Stark, and Vermilion counties. Significantly, the machinery at issue was manufactured at the Vermilion County facility and was sold to Joan-of-Arc's predecessor in Vermilion County. Records relevant to its design, manufacture, and sale are also to be found in Vermilion County. That FMC's principal place of business is in Chicago provides thus no connection to the machinery at issue or to the injury. It follows that the existence of a Chicago office is of minimal relevance. See *Bjurstrom v. Commonwealth Edison Co.* (1986), 144 Ill. App. 3d 743, 745 (where the fact that defendant's corporate office was in Chicago, that evidence depositions had been taken, and that discovery documents had been obtained in Chicago in other cases did not defeat a transfer motion since the accident and witnesses were in Rock Island County).

■ Plaintiff's assertion that Cook County is a more convenient forum for defendant Allen-Bradley Company is belied by the fact that Allen-Bradley Company itself moved to transfer the cause of action to Vermilion County. In any event, the purported inconvenience of Vermilion County is balanced by the fact that Cook County is equally distant from plaintiffs' home. It is also worth noting that, while the deference accorded a plaintiff's choice of forum is not entirely eviscerated when he chooses a foreign venue, the presumption of plaintiff's convenience does suffer. *Bjurstrom v. Commonwealth Edison Co.* (1986), 144 Ill. App. 3d 743, 748.

As to the existence of medical witnesses in Cook County, we note first that it was undisputed that initial treatment was provided to plaintiff at the Hoopeston Community Hospital in Vermilion County. Plaintiff received additional treatment in Sangamon County. Both locations are obviously far closer to Vermilion County than to Chicago, and any witnesses called regarding the treatment at either location would find Vermilion County a more conveniently accessible venue. The testimony of medical witnesses regarding these treatments is obviously essential to an assessment of damages. The only reference in the record to medical witnesses in Chicago, on the other hand, is contained in the affidavit of plaintiff, who asserted that she required laser surgery to her throat which could only be performed in large metropolitan areas. Notably, the affidavit concedes that the surgery could be performed in Springfield. Plaintiff's suit sought to recover for in-

juries to her hand. Although plaintiff contends that this throat surgery was incident to treatment for the injury to her hand, it is, at best, far too speculative a basis on which to assert that Cook County should retain jurisdiction. Indeed, it would appear that Vermilion County would be the most convenient forum for testimony regarding the laser surgery, if that surgery is performed in Springfield. This factor then militates in favor of a transfer of the cause.

■ In contrast to this tenuous connection between Cook County and the litigation, the record manifests a clear nexus between Vermilion County and the cause of action. Of prime importance is the fact that the accident occurred in that venue. Vermilion County is preferable for a variety of additional reasons. Plaintiff's co-workers, who were at the plant when she suffered her injuries, reside in or near Vermilion County. They would find that forum a closer, and therefore more convenient, venue. Testimony regarding her immediate medical treatment will be provided by witnesses from the Hoopeston Community Hospital, who also would find Vermilion County a more convenient venue. All these individuals are nonparty witnesses, who cannot be forced from their resident county or businesses to give their depositions. (87 Ill. 2d R. 203.) This would naturally force the attorneys to travel to Vermilion County in any event. Under *Torres*, access to witnesses is an important consideration in applying the doctrine.

■ Equally significant is the fact that plaintiffs' claim is predicated on the allegation that the corn-cutting apparatus was unreasonably dangerous. As the record makes clear, each party has or will retain an expert or experts to examine the machinery. Since the machinery is still in use in Hoopeston, trial in Vermilion County would obviously allow for easier access to this source of proof. It is worth noting in this regard that the record discloses that a number of people have inspected the machine, the vast majority of whom already work in Vermilion County.

*Torres* also provides that the objective of obtaining a fair trial is to be considered. There is nothing in the record before us that suggests that either party would suffer from any latent local prejudice or bias in Vermilion County. This factor thus confirms the propriety of holding the trial in Vermilion County.

■ In the final analysis, we are guided by the overriding purpose of the doctrine: convenience to the parties, witnesses, and to the courts. We conclude that trial in this case would be far more convenient in Vermilion County because (a) the accident occurred there, (b) the primary treatment was provided downstate, and (c) the bulk of the witnesses reside either in or near Vermilion County. Individually

and in the aggregate, these facts weigh heavily in favor of trial in that forum.

Accordingly we conclude that the circuit court abused its discretion when it denied defendants' motion. We must therefore reverse and remand the case, with the direction that the circuit court transfer the matter to Vermilion County.

Reversed and remanded.

STAMOS and HARTMAN, JJ., concur.