LANCE EVANS, Plaintiff-Appellee, v. MD CON, INC., Defendant-Appellant (Kehe Food Distributors, Inc., *et al.*, Defendants).

First District (5th Division)   No. 1—92—3594

Opinion filed September 1, 1995.—Rehearing denied October 4, 1995.

Hinshaw & Culbertson, of Chicago (Daniel W. McGrath and Joshua G. Vincent, of counsel), for appellant.

Anesi, Ozmon & Rodin, Ltd., of Chicago (Richard L. Rumsey, of counsel), for appellee.

JUSTICE GORDON delivered the opinion of the court:

The plaintiff-appellee Lance Evans filed a complaint in the circuit court of Cook County seeking recovery for injuries he sustained in a work-related fall. The defendant-appellant MD Con, Inc. (hereinafter referred to as MD Con), filed a motion to transfer this action to the circuit court of Will County based on the doctrine of intrastate *forum non conveniens*. The circuit court denied MD Con's motion from which denial MD Con petitioned this court for leave to appeal pursuant to Supreme Court Rule 306(a)(2) (134 Ill. 2d R. 306(a)(2)). We granted MD Con's petition.

FACTS

The following facts were presented to the trial court by defendant MD Con as disclosed in the plaintiff's complaint, the plaintiff's answers to MD Con's *forum non conveniens* interrogatories, and in an uncontested affidavit executed by a representative of its codefendant, Hundreiser-Gutowsky & Associates, Inc. The plaintiff, a resident of Grundy County, was employed by Stevens Precision Erectors, Inc., which maintains its principal place of business in Will County. On July 2, 1990, pursuant to his employment, he was part of a crew assigned to erect and install steel storage racks within a then under-construction warehouse which was owned by either Kehe Food Distributors, Inc., Kehe Enterprises, Inc., or both. That warehouse was located in Will County. During the installation of the steel storage racks, the plaintiff fell to the ground and was injured. He received initial and continuing medical treatment at a hospital and doctors' offices located in Du Page County.

In his answers to MD Con's interrogatories, the plaintiff identified 18 persons who were present at the warehouse site at the time of his injury, three of whom witnessed his fall. Of those 18 persons, 13 reside in Will County, one resides in Du Page County, one resides in Grundy County, and the county of residence of three is unknown. All three of the eyewitnesses reside in Will County and are also employees of Stevens Precision Erectors.

The connections of the various defendants to this litigation are as follows: MD Con was the general contractor for the construction of the warehouse in which the plaintiff's injury occurred and has its principal place of business in Lake County and a registered agent in Cook County. Kehe Food Distributors, Inc., and Kehe Enterprises, Inc., as noted above, owned the premises and maintain their principal place of business in Will County and have a registered agent in

Du Page County. UNARCO Materials Handling Division of UNR Industries and UNR Industries provided the material from which the storage racks were constructed and both have their principal place of business in Tennessee and have a registered agent in Cook County. Hundreiser-Gutowsky & Associates, Inc., provided architectural services in connection with the construction of the warehouse and has both its principal place of business and a registered agent in Cook County. An affidavit executed by its chief architect stated that Hundreiser-Gutowsky & Associates did not have control over the premises where the plaintiff's injury occurred and otherwise was not involved in the construction of the premises.

After hearing argument, the circuit court denied MD Con's motion without prejudice to renew it in the event that further discovery did not reveal any additional contact between this action and Cook County.

DISCUSSION

The sole issue in this appeal is the propriety of the circuit court's denial of MD Con's motion to transfer this action to the circuit court of Will County pursuant to the doctrine of *forum non conveniens*. MD Con maintains that the court abused its discretion in denying its motion in that the evidence it presented showed that the relevant public and private considerations strongly indicated the propriety of a transfer of this action to Will County. The plaintiff counters that the circuit court properly denied MD Con's motion because it failed to satisfy the burden of proving that it would be inconvenient to litigate this case in Cook County.

■ Under section 2—101 of the Code of Civil Procedure, venue will lie "in the county of residence of any defendant who is joined in good faith and with probable cause for the purpose of obtaining a judgment" or "in the county in which the transaction or some part thereof occurred out of which the cause of action arose." (735 ILCS 5/2—101 (West 1992).) Section 2—102 of the Code of Civil Procedure provides further that an Illinois corporation or a foreign corporation authorized to transact business in Illinois "is a resident of any county in which it has its registered office or other office or is doing business." 735 ILCS 5/2—102(a) (West 1992).

■ The application of the doctrine of *forum non conveniens*, on either an interstate or intrastate basis, presupposes the existence of more than one proper venue and permits the court in which the action is filed to decline jurisdiction and direct the lawsuit to an alternative forum which it determines can better serve the convenience of the parties and the ends of justice. See *Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 365-66, 456 N.E.2d 98, 100-01; *Moore v.*

*Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 76-77, 457 N.E.2d 417, 418-19; see also 134 Ill. 2d R. 187.

■ In ruling upon a *forum non conveniens* motion, a court must apply a balancing test to various private interest factors affecting the litigants' convenience and to various public interest factors affecting the administration of the courts. (*Kwasniewski v. Schaid* (1992), 153 Ill. 2d 550, 553, 607 N.E.2d 214, 216; *Washington v. Illinois Power Co.* (1991), 144 Ill. 2d 395, 399, 581 N.E.2d 644, 645; *Boner v. Peabody Coal Co.* (1991), 142 Ill. 2d 523, 528, 568 N.E.2d 883, 885; *Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, 223-24, 506 N.E.2d 1291, 1294.) As shall be discussed further below, this balancing test is an unequal one, weighted in favor of the plaintiff's chosen forum. *Wieser v. Missouri Pacific R.R. Co.*, 98 Ill. 2d at 366, 456 N.E.2d at 101.

Our supreme court in *Washington v. Illinois Power Co.* listed the relevant private and public interest factors to be considered in ruling upon a motion to transfer or dismiss under the doctrine of *forum non conveniens*:

> "[T]he important [private interest] considerations include:
>> 'the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.' [Citation.]
>
> Public factors to be considered include the status of the court docket where the action was filed, imposition of jury duty on the community, and the local interest in having a localized controversy resolved at home." 144 Ill. 2d at 399, 581 N.E.2d at 645.

See also *Piper Aircraft Co. v. Reyno* (1981), 454 U.S. 235, 70 L. Ed. 2d 419, 102 S. Ct. 252; *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 91 L. Ed. 1055, 67 S. Ct. 839; 3 R. Michael, Illinois Practice §§ 14.1 through 14.6 (1989).

In addition to balancing the private and public interest factors, a court ruling upon a *forum non conveniens* motion must also consider the plaintiff's substantial right to choose the forum in which to bring his action: "A plaintiff is given the right to select the forum, and unless the public and private interest factors strongly weigh in favor of transfer, a plaintiff's choice of forum will rarely be disturbed. [Citation.] Less deference is given, however, where the plaintiff is not a resident of the chosen forum. [Citation.]" (*Kwasniewski v. Schaid*, 153 Ill. 2d at 553, 607 N.E.2d at 216; accord *Washington v. Illinois Power Co.*, 144 Ill. 2d at 400, 581 N.E.2d at 646.) A trial court's deci-

sion regarding a *forum non conveniens* motion will not be disturbed absent a clear showing that the court abused its discretion in balancing the relevant factors. *Kwasniewski v. Schaid*, 153 Ill. 2d at 552-53, 607 N.E.2d at 216; *Washington v. Illinois Power Co.*, 144 Ill. 2d at 398, 581 N.E.2d at 645.

With respect to the private interest factors in this case, the three persons whom the plaintiff identified as eyewitnesses to the occurrence all reside in Will County and two of those three reside within the City of Joliet, the location of the circuit court of Will County. Even though Will and Cook Counties are contiguous, trial in Will County would increase the convenience to those three eyewitnesses by significantly shortening their travel time to any court proceedings which they may be required to attend. By the same token, any increased convenience to those three eyewitnesses would increase the convenience to any party to this action by making those witnesses more readily available to testify in court and by helping to avoid any potential delays occasioned by their failure to arrive in court at the appointed hour. Moreover, since at least 10 of the remaining 15 witnesses identified by the plaintiff also reside in Will County, they, and the parties, would also enjoy the increased convenience of trial in a local forum such as Will County. Significantly, the plaintiff has identified no potential witness residing in Cook County.

Aside from the increased convenience arising from holding trial nearer to where the eyewitnesses and the majority of the other potential occurrence witnesses reside, the plaintiff's injury occurred on premises located within Will County. If it were to be determined that the trier of fact should view the premises, such viewing arguably could be accomplished more expeditiously if that trier were travelling from the Will County courthouse rather than from the courthouse located in Cook County.

With respect to the public interest factors, we note initially that the plaintiff all but concedes that the circuit court of Cook County is more congested than that of Will County. Statistics bear this out. Our supreme court has found the annual report of the Administrative Office of Illinois Courts to be a proper source to consider when assessing relative court congestion. (See *Washington v. Illinois Power*, 144 Ill. 2d at 403, 581 N.E.2d at 647; *Bland v. Norfolk & Western Ry. Co.*, 116 Ill. 2d at 230, 506 N.E.2d at 1297.) The edition of that publication for the year 1993 reveals that in actions for damages in excess of $15,000, the average time lapse between filing and verdict was 56.7 months in Cook County and 30.1 months, over two years less, in Will County.

In addition, any connection between this litigation and Cook

County established by either the presence of the registered agents of MD Con, UNARCO Materials Handling Division of UNR Industries, UNR Industries, and Hundreiser-Gutowsky & Associates, or by Hundreiser-Gutowsky & Associates' maintenance of its place of business in Cook County, although sufficient to fix venue, are not significant factors for *forum non conveniens* purposes. " 'A *forum non conveniens* motion \*\*\* causes a court to look *beyond the criterion of venue* \*\*\*.' (Emphasis added.) [Citation.] '[M]erely conducting business in [a given county] does not affect the *forum non conveniens* issue \*\*\*.' [Citation.]" *Vinson v. Allstate* (1991), 144 Ill. 2d 306, 311, 579 N.E.2d 857, 860, quoting *Bland v. Norfolk & Western Ry. Co.*, 116 Ill. 2d at 226, and *Boner v. Peabody Coal Co.*, 142 Ill. 2d at 540; accord *Hulsey v. Scheidt* (1994), 258 Ill. App. 3d 567, 578, 630 N.E.2d 905, 912 (finding the presence of a registered agent to be an insubstantial link to a forum for the purposes of *forum non conveniens* analysis); *Franklin v. FMC Corp.* (1986), 150 Ill. App. 3d 343, 347-48, 501 N.E.2d 887, 889-90 (finding the presence of a registered agent, an office, or a principal place of business to be an insubstantial link for *forum non conveniens* analysis).

The presence in this case of four defendants' registered agents in Cook County, agents who likely would have neither knowledge of nor connection with this litigation, and whose sole purpose is to be available to receive service of process, is wholly fortuitous and therefore provides insufficient reason for imposing both jury duty and the cost of trial on the citizens of Cook County. Similarly, the fact that Hundreiser-Gutowsky & Associates has its place of business in Cook County provides no significant additional nexus between the forum and this litigation and therefore would also provide insufficient reason to place the responsibilities of jury duty and the cost of trial on Cook County. In any event, Hundreiser-Gutowsky & Associates would appear to bear no responsibility for the plaintiff's injury given the uncontested affidavit of its chief architect stating that it did not have control of the premises where the plaintiff's injury occurred and that it was not involved in the actual construction of those premises. See *Vinson v. Allstate*, 144 Ill. 2d 306, 579 N.E.2d 857; *Hulsey v. Scheidt*, 258 Ill. App. 3d 567, 630 N.E.2d 905; *Franklin v. FMC Corp.*, 150 Ill. App. 3d 343, 501 N.E.2d 887.

Conversely, unlike the residents of Cook County, the residents of Will County have a strong connection with and interest in this action. The plaintiff's injury occurred at a construction site located within their county and some of the defendants in this case, such as MD Con, may undertake other local construction projects. Thus, the interest of Will County in ensuring safety at local construction sites

would strongly militate in favor of transferring this action to that county.

■ Given the weight of the private interest factors in this case, which appreciably favors Will County, the weight of the public interest factors, which overwhelmingly favors that county, and the fact that the deference to be given to the plaintiff's choice of Cook County is reduced because he does not reside there, we must conclude that the circuit court abused its discretion in denying MD Con's motion for a transfer based on the doctrine of intrastate *forum non conveniens.* The circuit court in weighing the various *forum non conveniens* considerations appeared to largely predicate its decision on its perception that "there [was] no predominance of county" and on the deference to be given to the plaintiff's choice of forum. The court also appeared to indicate that the state of discovery as it then stood would otherwise support a transfer but that the two considerations just mentioned nevertheless justified its denial, at least on a provisional basis. However, as just discussed, it is readily discernable from the record that both the private and public interest factors, even when viewed in light of the lower level of deference to be accorded to the plaintiff's choice of forum, strongly indicated the propriety of transferring this action to Will County.

The plaintiff maintains that MD Con failed to meet its burden of showing that Cook County would be an "inconvenient" forum and that the circuit court therefore did not abuse its discretion. However, we note that, aside from the fact that this argument does not account for the weight to be given to the public interest factors, the test for determining the convenience of a given forum is relative rather than absolute. (See *Wieser v. Missouri Pacific R.R. Co.,* 98 Ill. 2d 359, 456 N.E.2d 98; *Moore v. Chicago & North Western Transportation Co.,* 99 Ill. 2d 73, 457 N.E.2d 417.) MD Con need not have shown that Cook County would be an inconvenient forum in which to litigate this action but only that Will County would be a substantially more appropriate forum, in light of the private and public interest factors, regardless of whether trial of this action in Cook County would result in any inconvenience whatsoever. Indeed, we question whether any relatively close forum could be considered to be inconvenient on an absolute scale given that we live in an age of automobiles, well-paved roads, and commuter rail service.

Lastly, we do not perceive any impediment in the fact that the trial judge stated that MD Con would not be precluded from renewing its *forum non conveniens* motion after additional discovery even though MD Con chose not to do so before bringing this appeal. The parties do not suggest that MD Con's failure to renew its motion

would preclude it from prosecuting this appeal. In fact, neither party even raised this question as an issue.

We agree that the assertion by the trial judge that his denial of MD Con's motion without prejudice should not preclude its appealability for the following reasons. First, Supreme Court Rule 306 provides this court with discretion to grant leave to appeal from the denial of a *forum non conveniens* motion even though such order of denial is interlocutory by nature. Such an order being interlocutory, a *forum non conveniens* movant is in any event free to renew his motion since "[a]n interlocutory order may be reviewed, modified, or vacated at any time before final judgment." (*Kemner v. Monsanto Co.* (1986), 112 Ill. 2d 223, 240, 492 N.E.2d 1327, 1335, citing *Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 120-21, 382 N.E.2d 1217, and *Richichi v. City of Chicago* (1964), 49 Ill. App. 2d 320, 325, 199 N.E.2d 652.) Thus, the explicit assertion by a trial court that its denial of a *forum non conveniens* motion was without prejudice does not add to or change the rights which a *forum non conveniens* movant would have otherwise enjoyed.

Second, if no new facts or authorities are incorporated in the subsequent *forum non conveniens* motion, the movant would risk forfeiture of his right to appeal the denial of his original motion if leave to appeal is not sought within 30 days of the original order of denial. (See *McClain v. Illinois Central Gulf R.R. Co.* (1988), 121 Ill. 2d 278, 285-86, 520 N.E.2d 368, 371 (holding that if a renewed *forum non conveniens* motion does not raise new matters, the 30-day time limitation for appeal contained in Supreme Court Rule 306(b) would jurisdictionally preclude any subsequent appeal outside of the original 30-day period); accord *Kemner v. Monsanto Co.*, 112 Ill. 2d 223.) Consequently, where, as here, the facts originally presented by the movant indicate the propriety of granting his *forum non conveniens* motion, we see no reason to impose a duty to renew that motion as a condition precedent to his right to prosecute an appeal.

Accordingly, the denial of MD Con's *forum non conveniens* motion is reversed and this cause is remanded to the circuit court of Cook County for further proceedings consistent with this opinion.

Reversed and remanded.

COUSINS, P.J., and T. O'BRIEN, J., concur.