2021 IL App (1st) 210012-U

No. 1-21-0012

Order filed December 3, 2021

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| YVONNE TONEY THOMPSON, Mother and Next Friend of Sadie Thompson, a Minor, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) | |
| v. | ) | No. 19 L 4537 |
| NORTHWESTERN MEMORIAL HEALTHCARE, Individually and d/b/a NORTHWESTERN MEDICINE; NORTHWESTERN MEDICINE CENTRAL DUPAGE HOSPITAL, and MICHELLE SZWEDO, M.D., | ) ) ) ) ) | Honorable Melissa A. Durkin Judge, presiding. |
| Defendants-Appellees, | ) ) | |
| (Michelle Szwedo, M.D.; Dr. Paul K. Rosenberg, Ltd., d/b/a Female Healthcare, Ltd.; Michael Hussey, M.D.; and Northwestern Medicine Regional Medical Group, Respondents in Discovery). | ) ) ) ) ) ) ) | |

JUSTICE SHARON ODEN JOHNSON delivered the judgment of the court.
Presiding Justice Daniel Pierce and Justice Sheldon Harris concurred in the judgment

**ORDER**

¶ 1    *Held*:    We affirm where the circuit court did not abuse its discretion in transferring the forum to DuPage County when the balance of plaintiff's deference, private and public interests did strongly favor transfer.

¶ 2    Plaintiff Yvonne Toney Thompson, mother and next friend of Sadie Thompson, filed a medical negligence action in Cook County against defendants, Northwestern Memorial Healthcare d/b/a Northwestern Medicine (NMHC) and Northwestern Medicine Central DuPage Hospital (CDH). On defendants' motion, the circuit court transferred the matter to DuPage County. On interlocutory appeal, plaintiff contends that the circuit court abused its discretion in granting defendants' motion to transfer to DuPage County when one of the three defendants is a Cook County resident, part of the cause of action arose in Cook County, the witnesses are scattered across several counties in Illinois, and no deference was given to plaintiff's choice of forum. For the following reasons, we affirm,

¶ 3                                     BACKGROUND

¶ 4    Plaintiff filed the instant cause of action on April 26, 2019.  Plaintiff and her daughter Sadie were residents of Kendall County at the time of filing. The complaint set forth allegations of medical malpractice against defendants for the injuries sustained by Sadie on November 14, 2016, when plaintiff entered CDH and gave birth to her. After plaintiff entered CDH, she had symptoms of a developing placental abruption and complained of pain shortly after being admitted to CDH. Sadie sustained a hypoxic-ischemic injury to her brain after she and plaintiff went through multiple medical emergencies before and after Sadie's delivery.

¶ 5                          A. Defendants and Respondents in Discovery

¶ 6    At the time of plaintiff's filing, defendant NMHC was an Illinois corporation with its principal place of business in Cook County. NMHC was the sole shareholder of defendant CDH which was located in DuPage County. Both NMHC and CDH had registered agents located in

Cook County. Respondent in discovery Dr. Szwedo, lived in Batavia, Illinois. Respondent in discovery Michael Hussey M. D. (Dr. Hussey) lived and worked in DuPage County. Northwestern Medicine Regional Medical Group (NMR) had no offices or facilities in Cook County.[1] Respondent in discovery Dr. Paul K. Rosenberg, Ltd., d/b/a Female Healthcare Ltd (Female Healthcare) had no offices or facilities in Cook County, and its sole officer Dr. Rosenberg, was a resident of DuPage County.

¶ 7                                    B. Complaint

¶ 8      Plaintiff's complaint alleged that on November 14, 2016, NMHC exercised control over the day-to-day operations of CDH and committed institutional negligence when they failed to implement proper services, equipment, training, education, policies, and procedures. Plaintiff alleged that  defendants were negligent when they failed to recognize and respond to the medical complications of plaintiff and Sadie which resulted in severe neurological injury to Sadie. Plaintiff alleged that Dr. Szwedo was the agent of defendants and Female Healthcare and arrived 60 minutes after she was first informed of the severity of her condition. Lastly, the complaint provided that respondents in discovery Dr. Szwedo, Female Healthcare, Dr. Hussey, and NWM could have information as to who, if anyone, should be named as additional defendants in this matter.

¶ 9      On July 1, 2019, Dr. Szwedo filed a motion to voluntarily convert to a defendant pursuant to 735 ILCS 5/2-402 (West 2018) of the Illinois Code of Civil Procedure (Code), the circuit court granted the motion on July 12, 2019.[2]

¶ 10                     C. *Forum non conveniens* motion and related filings

---

[1] The parties do not identify where NMR's principal place of business is located nor where its registered agents are.

[2] Defendants will include Dr. Szwedo moving forward.

¶ 11     On July 26, 2019, MNHC and CDH filed a motion to dismiss/transfer venue from Cook County to DuPage County pursuant to Illinois Supreme Court Rule 187 (Ill. S. Ct. R 187 (eff. Jan. 1, 2018)) and *forum non conveniens*. The motion alleged that the complained of medical care occurred in DuPage County, CDH was located in DuPage County, plaintiff did not reside in Cook County, the occurrence witnesses were closer to DuPage County, NMHC did not have direct involvement in the case, and the public and private interests favored transfer.

¶ 12     On September 29, 2020, a memo in support of the motion was filed further arguing that: (1) Dr. Szwedo was a resident of and worked in DuPage County; (2) Dr. Hussey who was likely to be converted to a defendant was a resident of and worked in DuPage County; (3) Tracy Wolford who would be the trial representative for both Northwestern entities worked in DuPage County and was a resident of Kane County; (4) plaintiff was not a resident of Cook County, and the majority of the occurrence and damages witnesses likely were residents of or were closer to DuPage County; (5) although NMHC had its principal place of business in Cook County, they were not directly or indirectly involved in patient care in CDH; (6) plaintiff's choice of forum was given less deference because she was not a resident of Cook County; (7) the convenience to the parties favored a transfer to DuPage County because, at that time, no employees from NMHC were scheduled to be called, CDH would be burdened by having its staff go to Cook County for trial, and it provided an ease of access of testimonial evidence for the trial; (8) although plaintiff identified several witnesses whose contacts favored Cook County, plaintiff did not identify the role of those witnesses nor did defendants see the medical records of the providers identified by plaintiff as a service provider. Defendants attached affidavits of Dr. Szwedo, Wolford, Dr. Hussey, and the occurrence witnesses that have treated Sadie (Sara Mertens, RN; Shannon Noss, RN; Amy Fleck, RN; Terri Pheanis, RN; Tina Mitchell, RN; Jennifer Willamee; and Dora Castro-Ahillen,

RN) indicating that it would be more convenient to travel to DuPage County while Cook County would be more burdensome.

¶ 13    Next, defendants argued that the public interest factors favored a transfer when: (1) the alleged negligent care was a local controversy interest to DuPage County residents; (2) the costs of the trial would burden Cook County residents when the matter was loosely related to it; (3) Cook County had a lesser interest in the matter because plaintiff and daughter were not residents; and (4) the DuPage County docket was less crowded than Cook County

¶ 14    On the same date of July 26, 2019, in addition to the motion to dismiss/transfer venue, defendants filed a motion to dismiss NMHC for non-involvement pursuant to 735 ILCS 5/2-1010 (West 2018) of the Code. The motion argued that NMHC had no involvement in the care and treatment at issue, did not employ or supervise any of the medical providers involved in the care and treatment at issue, and did not operate, maintain or manage CDH.

¶ 15    On August 9, 2019, Dr. Szwedo filed a motion to join defendants' motion to dismiss/transfer pursuant to Rule 187 and *forum non conveniens*. The circuit court granted this motion on September 12, 2019.

¶ 16    On October 8, 2020, plaintiff filed a response to defendants' motion to dismiss or transfer venue arguing that venue had been established in Cook County and it was plaintiff's chosen forum. Plaintiff denied that defendants met their burden in demonstrating an overwhelming need to transfer the case to DuPage County because there were allegations that NMHC failed to enforce policies, supervise, or train employees, and the relevant transactions occurred, in part, in Cook County. Plaintiff argued that the private interests did not favor transfer when: (1) it was likely that every proceeding in this case would be remote due to social distancing requirements; (2) plaintiff's initial choice should prevail; (3) NMHC and CDH, were both registered in Cook County; (4)

MNHC and CDH's registered agent was located in Chicago; (5) crucial functions of CDH were handled solely in Cook County such as the promulgation and enforcement of policies, supervision of employee nurses and doctors, general counsel, human resources, claims management, and corporate compliance; (6) all advertising, marketing, and use of the NMHC brand name "Northwestern Medicine" and names and logos were controlled in Chicago; (7) NMHC insures CDH and would pay the claim in this case; (8) the chosen forum was home to the NMHC and CDH; (9) defendants were not allowed to argue that the choice of forum was inconvenient for plaintiff and must prove that the chosen forum was inconvenient to both parties if they sought transfer; (10) defendants could not argue that DuPage County would be more convenient to Wolford because she resides in Kane County, which was adjacent to Cook County; (11) Dr. Szwedo's claim of inconvenience should not be considered because plaintiff did not add her as a defendant; (12) the remaining three factors also did not weigh strongly toward transfer.

¶ 17    Plaintiff argued that the access to source evidence factor had become less significant because of technological advancements, however, this favored Cook County because most of the documentary evidence was located therein. Plaintiff maintained that since Sadie's birth she received extensive treatment in Cook County and those providers who could testify about that treatment were located in Cook County. Plaintiff pointed out that the witnesses that provided affidavits for defendants were all parties to the case, residents of various counties, and did not provide their proposed testimony and therefore should not be considered. Additionally, she argued, the nurses, in this case, were employed and paid by NMHC, whose headquarters are in Cook County.

¶ 18    Plaintiff denied defendants' assertion that she failed to identify the role of her witnesses. Plaintiff intended to call four family members as damage witnesses, all of whom would find Cook

County more convenient. Those family members were plaintiff's brother and sister-in-law, Bernard and Corisa Cobb-Toney, residents of Cook County; plaintiff's aunt, Joan Fortune, who was a resident of Cook County; and plaintiff's cousin Tiana Hankins, a resident of Cook County. Additionally, plaintiff identified the eight medical providers who practice in Cook County and provided that they were Sadie's pediatrician (Afsaneh Talai, MD), pediatric neurologist (Chaloungchai Phitsanuwong, MD), pediatric gastroenterologist (Allan Pratt, MD), registered dietician (Stephanie Schimpf), neurosurgeon (Matthew Ross, MD), physical medicine & rehabilitation physician (Ana Marie Rojas, MD), pediatric urologist (Mohan Gundeti), and orthopedic surgeon (Haluk Altiok, MD).

¶ 19    Plaintiff argued that the public interests, in this case, do not favor transfer when: (1) NMHC and CDH operated their crucial functions from Cook County; (2) NMHC and CDH held themselves out as one entity; (3) Cook County had an interest in deciding a controversy involving defendants; (4) Cook County residents had an interest in this litigation to see that the Cook County defendants implement changes to their policies and procedures to correct negligent medical treatment; (5) Sadie was treated in Cook County and continued to receive extensive treatment in Cook County for her injuries; and (6) cases in DuPage County take longer to resolve than in Cook County.

¶ 20    Plaintiff also filed a response to defendants' motion to dismiss NMHC for non-involvement. Plaintiff argued that NMHC cannot be dismissed because it was directly involved in the care at issue and actively operated CDH from Cook County.

¶ 21    On October 26, 2020, defendants filed a reply to plaintiff's response to their *forum non conveniens* motion arguing that the cause of action at issue only occurred in DuPage County, not Cook County. Defendants asserted that plaintiff's arguments were rooted in a venue analysis not

a motion on *forum non conveniens*. Defendants argued that the residence and employment of the majority of the parties and trial witnesses, and public interests favored transfer to DuPage County. On the same date, defendants' filed a reply to plaintiff's response to their motion to dismiss for non-involvement arguing that plaintiff's claims against NMHC were unsupported and plaintiff could not show that NMHC was involved in the occurrence at issue.

¶ 22    On December 9, 2020, after balancing the private and public interests to determine the proper forum, the circuit court granted the *forum non conveniens* motion and transferred the proceedings to DuPage County. The circuit court stated that the first private interest factor, convenience, favored transfer when:  (1)  plaintiff was a resident of Kane[3] county, which was closer to DuPage County; (2) NMHC owned CDH; (3) Wolford's affidavit indicated DuPage County would be more convenient for her since she was a resident of Kane County and worked in DuPage; and (4) defendant, Dr. Szwedo's affidavit indicated that DuPage County would be more convenient for her because she was a resident of and worked in DuPage County. The circuit court determined that based on these factors, DuPage County would be more convenient for all of the parties.

¶ 23    For the second private interest factor, ease of sources, the circuit court ruled it favored transfer when: (1) all of the occurrence witnesses worked in DuPage County and provided affidavits of how DuPage County would be more convenient for them; (2) plaintiff's damage witnesses did not provide any affidavits indicating Cook County was more convenient to them and the only witness who appeared to be relevant was Sadie's father, who did not reside in Cook County; (3) those who treated Sadie at CDH who provided affidavits that DuPage County was

---

[3] The circuit court used Kane and Kendall County interchangeably throughout its order as plaintiff's county of residence.

more convenient; (4) plaintiff listed eight medical professionals who provided care to Sadie, but did not indicate the significance of the treatment and where it occurred; (5) the documentary evidence was determined to be portable and there was no evidence to support that this information was in Cook County; and (6) the location of the evidence was found to be neutral because neither party included this in their filings.

¶ 24    The circuit court found the third and fourth factors, the availability of compulsory process and the cost of obtaining the attendance of willing witnesses, to be neutral and not addressed by the parties. The circuit court found the fifth factor, the possibility of viewing the premises, favored transfer to DuPage County but gave little weight to it because the case had little to do with the physical condition of CDH. The circuit court found the sixth factor, other practical considerations that would make trial easy, expeditious, and less expensive, to be neutral as well. Although plaintiff argued that Covid-19 procedures made the proceedings in pretrial available remotely, the circuit court noted that it does not address the conditions at trial, which a *forum non conveniens* motion addresses.

¶ 25    The circuit court ruled that the public interest favored DuPage County. The court found that the first public interest factor, the interest in deciding local matters locally, strongly favors transfer to DuPage County when: (1) all relevant conduct occurred in CDH; (2) Dr. Szwedo was a resident of and worked in DuPage County; (3) since the alleged conduct occurred in CDH, it was a matter of local interest to the residents of DuPage County; (4) the polices of NMHC were not at issue because Dr. Szwedo used her medical judgment when she arrived at the hospital and took control; and (5) the registered agents of NMHC and CDH, and unrelated activities were irrelevant.

¶ 26    The circuit court found the second public interest factor, the fairness of imposing the expense of trial and the burden of jury duty on a county with little connection to the litigation,

favored a transfer to DuPage County when: (1) this action contained allegations of medical negligence in a DuPage County hospital by a DuPage County doctor; and (2) it was not clear that the alleged institutional negligence occurred in Cook County, and if it did, it would be so tangential that it would be unfair to impose the expense of trial on Cook County residents.

¶ 27    The circuit court found the third public interest factor, docket congestion, to weigh in favor of Cook County but gave it little weight. The court noted Cook County does get through cases faster than DuPage County despite the increased volume of cases it had. It pointed to a statistic plaintiff provided that demonstrated in 2018 it took Cook County 30.1 months to get cases off the docket compared to 45.6 months it took DuPage County.

¶ 28    The circuit court ruled that defendants showed that it would be substantially more convenient for all parties and all witnesses to try this case in DuPage County and granted the motion *forum non conveniens*. The circuit court entered and continued defendants' motion for non-involvement to DuPage County.

¶ 29    On January 8, 2021, plaintiff filed a petition for leave to appeal an interlocutory order pursuant to Illinois Supreme Court Rule 306 (a)(2) (Ill. Sup. Ct. R. 306(a)(2) (eff. Oct. 1, 2020). This court granted the motion on February 24, 2021.

¶ 30                                  ANALYSIS

¶ 31    On interlocutory appeal, plaintiff contends that the circuit court abused its discretion in granting defendants' motion to transfer to DuPage County when one of the three defendants is a Cook County resident, part of the cause of action arose in Cook County, the witnesses are scattered across several counties in Illinois, and no deference was given to plaintiff's choice of forum.

¶ 32                            A. Standard of Review

¶ 33    A circuit court is granted considerable discretion in ruling on a *forum non conveniens* motion. *Langenhorst v. Norfolk Southern Ry. Co*., 219 Ill. 2d 430, 442 (2006). We will reverse the circuit court's decision only if there is a showing that it abused its discretion in balancing the relevant factors. *Id*. A circuit court abuses its discretion in balancing the relevant factors only where no reasonable person would take the view adopted by it. *Id*.

¶ 34                                     B. Venue

¶ 35    Under section 2-101 of the Code of Civil Procedure (Code), venue is established when: "(1) in the county of residence of any defendant who is joined in good faith and with probable cause for the purpose of obtaining a judgment against him or her and not solely for the purpose of fixing venue in that county, or (2) in the county in which the transaction or some part thereof occurred out of which the cause of action arose." 735 ILCS 5/2-101 (West 2018). Further, the Code provides that an Illinois corporation "is a resident of any county in which it has its registered office or other office or is doing business." 735 ILCS 5/2-102 (West 2018). This court has recognized that the venue statute "is designed to ensure that the action will be brought either in a location convenient to the defendant, by providing for venue in the county of residence, or convenient to potential witnesses by allowing for venue where the cause of action arose." *Langenhorst*, 219 Ill. 2d at 441.

¶ 36                    C. The Doctrine of Forum Non *conveniens*

¶ 37    The application of the doctrine of *forum non conveniens* presumes the existence of more than one proper venue and permits the court in which the action is filed to decline jurisdiction and direct the lawsuit to an alternative forum which it determines can better serve the convenience of the parties and the ends of justice. *Evans v. MD Con., Inc*., 275 Ill. App. 3d 292, 294 (1995).  A *forum non conveniens* motion causes a court to look beyond the requirements of venue when it

considers the relative convenience of a forum." *Langenhorst*, 219 Ill. 2d at 441. "The fact that a defendant conducts business within the county is not the only factor the court should consider in its analysis." *Id.*

¶ 38                                    D. Plaintiff's Choice of Forum

¶ 39    Generally, the plaintiff's initial choice of forum will prevail, given venue is proper and the inconvenience factors attached to such forum do not greatly outweigh the plaintiff's substantial right to try the case in the chosen forum. *Langenhorst*, 219 Ill. 2d at 443. However, a plaintiff's choice of forum is given less deference when the plaintiff does not reside, and the action did not arise in that forum. *Id.* at 442-43.

¶ 40    First, we note that the parties do not dispute that venue is proper in Cook County. However, the contention that exists is whether the transfer to DuPage County was proper under a *forum non conveniens* motion, which we will now examine. The circuit court found that plaintiff's choice of forum was unreasonable given that she did not live in Cook County, and the acts that led to the cause of action did not clearly involve NMHC.

¶ 41    Plaintiff contends that the circuit court erred in assigning no deference, as opposed to great deference, to plaintiff's choice of forum by ruling that it was unreasonable. The court should have also given great deference to plaintiff's institutional negligence claim because the corporate conduct was a substantial part of the acts that gave rise to the injury that occurred in Cook County. Plaintiff contends that the conduct at issue occurred for years when NMHC failed to draft and enforce appropriate policies and procedures, failed to provide training and appropriate equipment, and failed to provide appropriate physician services.

¶ 42    Defendants assert that NMHC's involvement in this matter is limited to being CDH's sole shareholder. Defendants contend that since plaintiff does not reside in Cook County and the

incident occurred in DuPage County, her choice is entitled to less deference citing *Evans v. Patel*, 2020 IL App (1st) 200528, ¶33, as support. Defendants maintain that although plaintiff contends that the actions of NMHC that led to the negligence occurred in Cook County, plaintiff has not supported her vague claims with facts in her complaint nor does she connect those claims to causation. Defendants maintain that the circuit court evaluated plaintiff's vague claims regarding policies and procedures conducted in Cook County. Further, defendants contend that the circuit court observed that the institutional negligence claim was concerning the services she received in DuPage County and involved medical judgment, not negligence in drafting policies or procedures or anything in kind.

¶ 43    Given the facts that were pled in plaintiff's complaint, substantial deference should be given to her choice of forum. Although plaintiff does not reside in Cook County, she complained that the actions taken by NMHC in Cook County led to both institutional negligence and medical negligence in DuPage County. *Langenhorst*, 219 Ill. 2d at 442-43. We disagree with defendants' contention that plaintiff's choice of forum should be given less deference because her claims are vague when it comes to the involvement of NMHC. This court in *Koss* has held that it is unreasonable to require a plaintiff to prove up its entire case on a *forum non conveniens* motion. *Koss Corp., v. Sachdeva*, 2012 IL App (1st) 120379, ¶ 100. Defendants assert that *Koss* is distinguishable from this case and stands for the proposition that it is improper for the circuit court to not address a plaintiff's institutional negligence claim at all. However, *Koss* specifically addressed that a *forum non conveniens* motion is at a preliminary discovery stage, making it unreasonable to consider an argument based on the failure to plead a cause of action. *Id.* ¶ 102. Therefore, the circuit court's rejection of plaintiff's institutional negligence claim against NMHC and its involvement in the negligence claim on the basis that they were undeveloped, irrelevant, or

not supported by affidavit is improper. *Id.* ¶ 101. However, our analysis does not end here; a transfer of forum may still be appropriate if the private and public interests outweigh plaintiff's substantial interests. *Langenhorst*, 219 Ill. 2d at 443.

¶ 44                                    E. Private and Public Interests

¶ 45      A defendant carries the burden of showing that disturbing the plaintiff's choice of forum is warranted due to the relevant private and public interest factors strongly favoring the transfer. *Langenhorst*, 219 Ill. 2d at 444. The interests are not weighed against each other, rather the circuit court must evaluate the total circumstances. *Id*. "The defendant must show that the plaintiff's chosen forum is inconvenient to the defendant and that another forum is more convenient to all parties." *Id*. The defendant cannot claim that the choice of forum is inconvenient to plaintiff. *Id*.

¶ 46      The circuit court must balance various private interest factors affecting the litigants' convenience and various public interest factors affecting the administration of the courts. *Evans v. MD Con, Inc*., 275 Ill. App. 3d 292 (1995). The relevant private interests include:

> "the convenience of the parties; the relative ease of access to sources of testimonial, documentary, and real evidence; the availability of compulsory process to secure attendance of unwilling witnesses; the cost to obtain attendance of willing witnesses; the possibility of viewing the premises, if appropriate; and all other practical considerations that make a trial easy, expeditious, and inexpensive." *Fennel v. Illinois Cent. R. Co.*, 2012 IL 113812, ¶15.

The relevant public interest factors include: "the administrative difficulties caused when litigation is handled in congested venues instead of being handled at its origin; the unfairness of imposing jury duty upon residents of a community with no connection to the litigation; and the interest in having local controversies decided locally." *Id*.

¶ 47                                    1. Private Interests

¶ 48    Plaintiff maintains that the circuit court abused its discretion in transferring this case to DuPage County based on the private interests that existed. For the first private interest factor, convenience, plaintiff asserts that defendant NMHC is a corporate resident of Cook County and the majority of the potential witnesses do not reside in DuPage County but instead live, work, provide, and/or continue to provide, medical care in Cook County. Plaintiff asserts that defendant may not argue that her choice of forum is inconvenient for her. Defendants contend that the circuit court acted within its discretion when it granted the motion to transfer the case to DuPage County when: (1) plaintiff received the care at issue in DuPage County; (2) plaintiff initially lived in DuPage County, but moved to Kendall County; (3) plaintiff received treatment from a physician who resides and exclusively practices in DuPage County; (4) all of the occurrence witnesses, the trial representative, and Dr. Szwedo all provided affidavits that stated DuPage County would be more convenient while a trial in Cook County would be inconvenient and burdensome. The circuit court echoed defendants' contentions in its ruling and did not place any weight on NMHC's Cook County presence.

¶ 49    Plaintiff is correct, defendants must not argue that plaintiff's forum of choice is not convenient for her. *Langenhorst*, 219 Ill. 2d at 441. Instead, defendants have the burden of showing that the new forum is convenient for all parties and the existing forum is inconvenient to defendant. *Id*. The circuit court is tasked with evaluating the total circumstances that exist. *Langenhorst*, 219 Ill. 2d at 444. Defendants trial representative, Wolford attested to DuPage County being more convenient for NMHC and CDH. The third defendant Dr. Szwedo attested to DuPage County being more convenient for her. Given the representations that all of the defendants made by and

through themselves or their representatives, we cannot say the circuit court erred in finding the first factor strongly favoring transfer.

¶ 50     For the second factor, ease of access to sources, plaintiff provided that all of her witnesses as to damages as well as the medical professionals who have recently provided services to Sadie would find Cook County more convenient. Defendant's occurrence witnesses, however, indicated that DuPage County would be more convenient. The circuit court did not place any weight on plaintiff's proposed damage witnesses, except for noting that plaintiff's husband did not live in Cook County. Similarly, the circuit court did not place any weight on the convenience of the medical staff that were located in Cook County. Instead, it determined the significance of treatment, and ruled that the location of the treatment was not clear. The court noted that no affidavits were provided by any of plaintiff's potential witnesses. Instead, the circuit court gave weight to the occurrence witnesses of defendants, and the treatment Sadie initially received in DuPage County during her birth and shortly thereafter. This court has held that affidavits identifying witnesses and their proposed testimony are not required in a motion *forum non conveniens* proceeding. *Koss*, 2012 IL App (1st) 120379, ¶ 100. Given this, the witnesses that plaintiff stated would find Cook County more convenient than DuPage County, must be given some weight. *Id.*

¶ 51     Plaintiff indicated that four of her damage witnesses would find Cook County more convenient while there was no indication of what would be more convenient for the eight practitioners who have treated Sadie in Cook County. Whereas, defendants indicated at least eight witnesses, from nurses to the trial representative, would find DuPage County more convenient. When plaintiff's witnesses are considered alongside defendants' occurrence witnesses, we find that this factor does strongly favors transfer.

¶ 52    Factors one and two are the relevant factors for this appeal, however, plaintiff contends that for factor six, it would be more expeditious for counsel of all of the parties to have Cook County as the chosen forum because the offices are blocks away from Cook County's courthouse. However, plaintiff raises this issue for the first time on appeal; therefore, this argument is forfeited. *Lopez v. Northwestern Memorial Hosp.*, 375 Ill. App. 3d 637, 651 (2007).

¶ 53    As discussed above, an analysis of the private interest factors favors transfer to DuPage County.  Accordingly, we find that the circuit court did not abuse its discretion. We will now look at the public interest factors.

¶ 54                                    2. Public interests

¶ 55    Plaintiff contends that the circuit court ignored her institutional negligence claim in reaching its determination on the public interest factor. She alleges that Cook County residents have an interest in deciding these matters locally because they would want to decide how a Cook County corporation is making decisions for its hospitals. Defendants however claims that the public interest factors favor transfer when the actions that gave rise to the cause of action arose in DuPage County.  Defendants assert that Cook County residents should not have to be burdened with the costs of this case when the defendant is only tangentially related to Cook County. Lastly, defendants maintain that DuPage County has a lighter caseload than Cook County.

¶ 56    For the first factor, the administrative difficulties caused when litigation is handled in congested venues instead of being handled at its origin, the circuit court found this to not favor transfer. Defendants are correct, Cook County has a heavier workload. However, according to statistics provided by plaintiff,  Cook County nonetheless processed its cases sooner. In 2018, Cook County took 30.1 months versus DuPage County's 45.6 months. We have held that a circuit court knows its own docket and just because a county is busier than another, it does not necessitate

a transfer. *First Nat'l Bank v. Guerine,* 198 Ill.2d 511, 525 (2002). This factor does not favor transfer.

¶ 57    For the second factor, the unfairness of imposing jury duty upon residents of a community with no connection to the litigation, the circuit court found this to favor transfer. In making this determination the circuit court did not give weight to plaintiff's institutional negligence claim and found it hard to find that NMHC contributed to the medical negligence claim.  Consequently, the court found the connection to DuPage County strong and that the actions that gave rise to this cause of action rested in Dr. Szwedo, a DuPage County resident. The circuit court determined that plaintiff's claims had no merit based on the circuit court's assumptions of what transpired. This is a determination that a circuit court is within its discretion to make, however, not pursuant to a *forum non conveniens* motion. *Koss*, 2012 IL App (1st) 120379, ¶ 102.  We have held that at this stage it is not appropriate to consider whether a plaintiff failed to state a cause of action. *Id.* Given the pleadings at issue, Cook County residents have an interest in this litigation because the corporate defendant is from that forum. See *Glass v. DOT Transp., Inc.,* 393 Ill. App. 3d 829, 837 (2009) (residents in plaintiff's chosen forum have an interest when it involves their residents). Nevertheless, given the representations from NMHC's trial representative, that it would be more convenient for NMHC if it were in DuPage County, we cannot say the trial court abused its discretion in finding that this factor does favor transfer.

¶ 58    For the third factor, the interest in having local controversies decided locally, the circuit court once again gave no weight to plaintiff's institutional negligence claim and determined that the alleged negligence can only be attributable to Dr. Szwedo and not NMHC, making this a local controversy to DuPage County. For the reasons stated above, we find both counties have an interest in this case. *Glass,* 393 Ill. App. 3d at 837.  Therefore, this factor does not strongly favor transfer.

¶ 59    Looking at the totality of the public interest factors, the circuit court did not abuse its discretion in finding that the factors strongly favored transfer.

¶ 60    Although plaintiff's choice of forum was entitled to substantial deference because part of the alleged cause of actions arose in Cook County and both counties having an interest in the matter, the applicable factors strongly favor transfer to DuPage County. The private interests of convenience and ease of access strongly favor transfer when the majority of witnesses and the majority of the parties find DuPage County more convenient. Thus, in full consideration of both the private and public interests at issue, we do not find that no reasonable person would take the view adopted by the circuit court and therefore we find that there was no abuse of discretion.

¶ 61                                                 CONCLUSION

¶ 62    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 63    Affirmed.